## MARTIN *v.* STATE.

Opinion delivered January 28, 1924.

1. CRIMINAL LAW—AUTHORITY TO COMMIT ACCUSED TO PENITENTIARY. —Neither circuit judges nor circuit courts are vested with authority to order or commit persons accused of crime, before conviction, to the State penitentiary for safe-keeping.
2. CONTEMPT—DISOBEDIENCE OF VOID ORDER.—One cannot be held in contempt for disregarding a void order or judgment.

Certiorari from Lee Circuit Court; *E. D. Robertson,* Judge; reversed.

*J. S. Utley,* Attorney General, *Darden Moose, John L. Carter* and *Wm. T. Hammock,* Assistants, for petitioner.

No one can be held in contempt of court for violating a void order. 43 Ark. 62; 91 Ark. 527; 100 Ark. 419. The court in term time cannot punish as for contempt disobedience of an order made by a judge out of court, unless such order is made in an action pending in the court. Rapalje on Contempts, par. 8; 45 Barbour (N. Y.) 344. The sheriff, and not the circuit judge or circuit court, has custody of county prisoners, except in the instances mentioned in the statutes. Crawford & Moses' Digest, chap. 100, §§ 6206, 6207, 6208, 6217, 6218, 6219, 6220, 6221, 6222. The penitentiary is a State institution for the confinement of persons convicted of felonies, and not for the detention or safe-keeping of county prisoners.

HUMPHREYS, J. On June 25, 1923, the circuit judge of the First Judicial Circuit of Arkansas ordered the sheriff of Lee County to convey Ed Ware, Alf Banks, John Martin, Joe Fox, Albert Giles and Will Wordlow, then confined in the county jail under indictment for murder in the first degree, to the State Penitentiary for safekeeping. When said prisoners were tendered by the sheriff to the warden of the penitentiary, Hamp Martin, he declined to receive them, and was cited to appear in the circuit court of Lee County for contempt in disregarding the order. On the return day of the citation the warden filed a response thereto, justifying his refusal to obey the order, upon the ground that it was issued without authority.

The question was submitted to the court upon the order, the citation, the response thereto, and the following agreed statement of facts in addition to the facts heretofore stated:

"(1). Ed Ware, Alf Banks, John Martin, Joe Fox, Albert Giles and Will Wordlow, the parties who were mentioned in order made on June 25, 1923, by the circuit judge of the First Judicial District of Arkansas, which order respondent is charged with disobeying, are the identical persons as the appellants in the case of *Ware et al.* v. *State,* which case was decided by the Supreme Court of the State of Arkansas on June 25,

1923, and which decision is shown in opinion delivered June 25, 1923, by the Supreme Court of the State of Arkansas [159 Ark. 540].

"(2). The decision shown at the last-mentioned citation was rendered prior to the issuance of the order which respondent is charged with disobeying.

"(3). There was no case pending against said Ware *et al.* in the Lee Circuit Court at the time of the issuance of the order which respondent is charged with disobeying, unless the above cited case shall be construed by the courts to be pending in the Lee Circuit Court to such an extent as to give that court, or the judge thereof in vacation, authority to issue the order which respondent is charged with violating.

"(4) At the time of the service on respondent by the sheriff of Lee County of the order which respondent is charged with disobeying, respondent knew of the above-mentioned decision of the Arkansas Supreme Court."

The court found the warden guilty of contempt, and assessed a fine of $500 against him as punishment therefor. The validity of this order is before us for determination.

The statutes of this State do not vest any authority in circuit judges or courts to order or commit persons accused of crime, before conviction, to the State Penitentiary for safekeeping. Circuit courts are empowered by statute to order and adjudge any one convicted of a felony to serve a term in the State Penitentiary for the time and in the manner provided by law. Sections 3204, 3234, 3235, 3241 and 3242 of Crawford & Moses' Digest. The sheriffs of the respective counties and their appointees are the proper custodians of those charged with crime, and remain so until after conviction, sentence, and transmission of those accused to the State Penitentiary. Sections 6206, 6207, 6208, 6217, 6218, 6219, 6220, 6221 and 6222 of Crawford & Moses' Digest.

The penitentiary is a State institution, designed for the confinement, care and supervision of felons. No provision was made for the reception, care or safekeeping of prisoners before conviction. Section 9654 of Crawford & Moses' Digest. If the warden were required to receive and care for prisoners charged with crime, before any provision was made in the law to care for them, it would interfere with the orderly administration of the institution.

The circuit judge having no inherent power or statutory authority to issue the order in question, it was a void order. This court is committed to the doctrine that one cannot be held in contempt for disregarding a void order or judgment. *Williford* v. *State,* 43 Ark. .62; *Pitcock* v. *State,* 91 Ark. 527.

The judgment is therefore reversed, and the cause is directed to be dismissed.