Norman TONEY *v.* STATE of Arkansas

CR 88-8                                    743 S.W.2d 816

Supreme Court of Arkansas
Opinion delivered February 8, 1988
[Rehearing denied March 7, 1988]

*Donald R. Huffman*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This criminal case raises the question of whether the trial judge can, after sentencing a defendant and setting conditions of probation, later add to that sentence medical expenses of over $7,000 incurred by the county while the defendant was in jail. The trial judge did that in the case of Norman Toney who appeals. We find that the judge exceeded his authority and the judgment in that regard is reversed.

Norman Toney pled guilty to five counts of second degree forgery and was sentenced on July 28, 1986. He was placed on probation for three years conditioned on his serving 90 days in jail, with credit for 49 days already served, ordered to pay $57.25 court costs, make $500 restitution and pay a $200 "public defender fee."

In March of 1987, over six months later, a hearing was held to revoke his probation for nonpayment of costs and restitution.

While the judge denied the request, he added to Toney's sentence an order to repay a medical bill incurred by the county while Toney was in jail. The prosecuting attorney had requested that the bill for over $7,000 be added to the costs and restitution previously ordered, making payment of the medical bill another condition of the probation. A timely objection was made to the alteration of the sentence.

 The trial court did not have jurisdiction to modify or amend the original sentence. He could have revoked the probation but chose not to do so. We have continually held, once a valid sentence is put into execution, the trial court is without jurisdiction to modify, amend or revise it. *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 533 (1983). However, *see* Ark. Code Ann. § 16-90-111 (1987), which deals with amending illegal sentences.

No other issues are raised. The order of the trial judge is reversed.