Starla JONES *v.* STATE of Arkansas

CR 88-210                                      763 S.W.2d 81

Supreme Court of Arkansas
Opinion delivered January 23, 1989

*James R. Marschewski*, by: *R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Starla Jones, pleaded guilty to the offense of theft by deception, a Class C felony. At the time the offense was committed, in October 1986, the applicable statute authorized the trial court to sentence a defendant to a fine and suspend imposition of sentence as to imprisonment. Ark. Stat. Ann. § 41-803(4) (Supp. 1985) [Now codified at Ark. Code Ann. § 5-4-104 (Supp. 1987)]. The trial court ordered the appellant to pay a $750.00 fine and, in addition, withheld imposition of sentence as to imprisonment for five years. Restitution and costs were additionally ordered paid. The State later filed a petition asking that the appellant be required "to show cause why his suspended sentences should not now be set aside." The trial court treated the petition as one to impose a sentence of imprisonment. A hearing was held and, seven (7) months after its original decree, the trial court ordered that the original suspended imposition of sentence as to imprisonment remain in effect and that appellant be sentenced to sixty (60) days in jail and the amount of restitution be increased. The appellant did not object below to the ruling and now appeals, arguing that the trial court acted beyond its authority in imposing the second sentence. The argument is well taken, and accordingly, we reverse.

■ Although appellant did not object in the trial court, she need not have done so. The trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985).

The trial court fined the appellant $750.00 and suspended imposition of the sentence of imprisonment. After such a sentencing procedure the trial court correctly entered a judgment of conviction. *See* Ark. Code Ann. § 5-4-301(d)(1) (1987) [Formerly Ark. Stat. Ann. § 41-1201(3)(a) (Repl. 1977)]. The commentary following Ark. Stat. Ann. § 41-1201(3) effectively explains the legislative intent:

> Subsection (3) excepts two situations from the general rule that a judgment of conviction is not to be entered when a court orders suspension or probation. The first is when the court fines the defendant and suspends or

probates him only as to imprisonment. The court must enter a judgment of conviction if it is to have a basis for imposing a fine. Furthermore, the defendant who is found guilty of an offense and sentenced to pay a fine only has clearly been "convicted" of the offense. The result should not be different when the court fines the defendant and suspends imposition of sentence or places him on probation as to imprisonment.

■ Clearly, a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment constitutes a conviction. *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985).

■■ A trial court loses jurisdiction to modify or amend the original sentence, once a valid sentence is put into execution. *Toney* v. *State*, 294 Ark. 473, 743 S.W.2d 816 (1988); *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). The issue then becomes, is a sentence by a circuit court to pay a valid fine put into execution when the judgment of conviction is entered? The obvious answer is yes. Unless the court directs payments by installment the whole fine is payable immediately. Ark. Code Ann. § 5-4-202(2)(b) (1987) [Formerly Ark. Stat. Ann. § 41-1102 (Repl. 1977)]. When the fine is adjudicated against the defendant in circuit court, the sheriff is to collect it. Ark. Code Ann. § 16-92-115 (Supp. 1987) [Formerly Ark. Stat. Ann. § 43-2503 (Repl. 1977)]. In addition, a judgment that a defendant pay a fine constitutes a lien on his real and personal property in the same manner as a judgment in a civil action. Ark. Code Ann. § 5-4-204(b) (1987) [Formerly Ark. Stat. Ann. § 41-1104(2) (Repl. 1977)]. Also, a defendant may be ordered to show cause why he should not be imprisoned for nonpayment. Ark. Code Ann. § 5-4-203 (1987) [Formerly Ark. Stat. Ann. § 41-1103 (Repl. 1977)]. The valid fine assessed in the original judgment of conviction in this case was put in execution long before the trial court attempted to modify the sentence. Thus, the attempted modification of the original order was erroneous.

■ The State argues that the trial court was following Ark. Code Ann. § 5-4-306(b) (1987) [Formerly Ark. Stat. Ann. § 41-1205 (Repl. 1977)], which authorizes modifying conditions imposed in an order suspending imposition of sentence. The short

answer to that argument is that the original order only suspended imposition of sentence as to imprisonment. It did not suspend imposition of the fine.

The order modifying the original sentence is reversed.

Reversed and remanded.