Christopher PETREE *v.* STATE of Arkansas

CR 94-987                                         920 S.W.2d 819

Supreme Court of Arkansas
Unpublished opinion delivered July 10, 1995
[Appellee's motion requesting publication of opinion granted
September 11, 1995.*]

---

* Jesson, C.J., not participating.

*Chaney W. Taylor, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen. and Senior Appellate Advocate, for appellee.

PER CURIAM. The appellant pleaded guilty to driving while intoxicated, fourth offense, and was sentenced to two years imprisonment to be followed by five years of probation. His driver's license was revoked for three years. The judgment and commitment order was filed on August 27, 1993. On May 16, 1994, the appellant filed a petition to vacate sentence pursuant to Arkansas Code Annotated § 16-90-111 (Supp. 1993) and Rule 37 of the Arkansas Rules of Criminal Procedure. He argued that the term of two years of incarceration followed by five years of probation exceeded the statutory maximum allowed by law. The court granted the petition, and on June 6, 1994, the appellant appeared before the Independence County Circuit Court for resentencing. The new sentence was a term of sixty months to be served at the Arkansas Department of Correction. The appellant brings this appeal.

The appellant argues that the trial court erred in the following ways: (1) the trial court failed to set forth particular reasons for increasing the term of imprisonment; (2) it failed to allow him the opportunity to withdraw a previous plea of guilty; (3) it solicited and obtained information regarding pending charges against him, yet failed to consider favorable factors to him; and (4) the two-year imprisonment portion of the original sentence was valid, had already been put into execution, and therefore was not subject to modification. The Independence County Circuit Court's judgment and commitment order of June

6, 1994, is reversed because the court lacked jurisdiction to resentence the appellant.

■ The original judgment and commitment order was illegal, as the appellant originally maintained, because the two-year imprisonment followed by a five-year term of probation exceeds the maximum penalty for the offense committed as defined under Ark. Code Ann. § 5-65-111(b)(3) (Repl. 1993) and because the imposition of probation following a term of imprisonment is prohibited by Ark. Code Ann. § 5-4-104 (Repl. 1993). However, as stated before, the trial court had no jurisdiction to correct the illegal sentence.

■ The appellant failed to file his May 16, 1994, petition to vacate sentence in a timely manner. Rule 37 has filing deadlines that govern not only Rule 37 petitions but also petitions to correct illegal sentences filed pursuant to Ark. Code Ann. § 16-90-111(a). Arkansas Rule of Criminal Procedure 37.2(c) states, in pertinent part:

> . . . If conviction was obtained on a plea of guilty, . . . the petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of the entry of judgment.

Arkansas Rule of Criminal Procedure 37.2(b) states, in pertinent part:

> . . . All grounds for post-conviction relief from a sentence imposed by circuit court, including claims that a sentence is illegally imposed, must be raised in a petition under this rule.

These filing deadlines are jurisdictional in nature. If they are not met, a circuit court lacks jurisdiction to consider the Rule 37 petition at issue or the petition to correct illegal sentence at issue on its merits. *Harris* v. *State*, 318 Ark. 599, 887 S.W.2d 514 (1994); *Bailey* v. *State*, 312 Ark. 180, 848 S.W.2d 391 (1993).

■ The appellant should have filed his petition within ninety days of August 27, 1993, the date that the original judgment and commitment order was entered against him. Because the petition was not filed in a timely manner, the circuit court was required to dismiss the petition. *Maxwell* v. *State*, 298 Ark.

329, 767 S.W.2d 303 (1989). Although the provisions of Ark. Code Ann. § 16-90-111(a) permit a circuit court to correct an illegal sentence at any time, this court has held that this provision is invalid to the extent that it conflicts with Rule 37.2(b). *Smith* v. *State*, 321 Ark. 195, 900 S.W.2d 939 (1995); *Harris* v. *State*, 318 Ark. 599 (1994); *Reed* v. *State*, 317 Ark. 286, 878 S.W.2d 376 (1994). The case is remanded to the Independence County Circuit Court to reinstate the original judgment and commitment order.

Reversed and remanded.