Brian McGHEE *v.* STATE of Arkansas

CR 98-561                                    975 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered October 15, 1998

*Montgomery, Adams, & Wyatt, PLLC*, by: *Dale E. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. This case involves the second revocation of probation of appellant, Brian McGhee, who was charged with two counts each of breaking or entering and theft of property. Appellant entered guilty pleas and was placed on thirty-six months' probation and ordered to pay a fine of $250.00, court costs of $113.25, restitution of $400.00, and a monthly fee of $20.00 to the adult probation program. Appellant's probation was revoked on March 7, 1996, and appellant was sentenced to sixty days' imprisonment in the Department of Community Punishment with probation to follow incarceration. After serving his imprisonment, the State filed a second petition for revocation based on new allegations on June 9, 1997. After appellant's motion to dismiss was denied, the trial court sentenced him to twenty-four months in prison for the two original counts of breaking or entering and twelve months in jail for the two theft of property charges. The State concedes that if we adhere to precedent, the trial court was without jurisdiction to revoke appellant's probation the second time; but they urge this court to overrule *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994), which holds that a plea of guilty, coupled with a fine and a suspended imposition of sentence, constitutes a conviction, thus depriving the trial court of jurisdiction to amend or modify a sentence

which has been executed. We reverse the trial court and decline to overrule *Harmon*.

In *Harmon*, the appellant pleaded guilty to a reduced, class-A misdemeanor charge of first-degree assault against her husband. The circuit court noted that imposition of the sentence was suspended for one year conditioned upon certain factors, which included payment of a $500 fine and $107.75 court costs. After violating the terms of her suspended sentence, the circuit court ruled that her suspended sentence would remain in effect, but that it would be modified by an additional $500 fine and a sentence of two weeks in the county detention center.

In *Harmon*, the State argued that the defendant's suspended sentence was not revoked, but rather that it was modified pursuant to Ark. Code Ann. § 5-4-306(b) (Repl. 1993), which states: "During the period of suspension or probation, the court, on motion of a probation officer or the defendant, or on its own motion, may modify the conditions imposed on the defendant or impose additional conditions authorized by § 5-4-303." Section 5-4-303(c) does not explicitly include a period of incarceration or a fine, but the State argued that it was comprehended by subsection (c)(10), which provides for "conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."

■ ■ Although the State fails to make the same argument today, section 5-4-303(c) is not applicable because, as we noted in *Harmon*, Ark. Code Ann. § 5-4-304 (Repl. 1994), explicitly provides for incarceration as an additional condition of an order, but may be used only when the suspension of imposition of sentence is given effect. We have previously held that a trial court loses jurisdiction to amend or modify the original sentence once a valid execution is put into place. *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989) As we stated in *Jones*, a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment constitutes a conviction. *Id.* at 487, 763 S.W.2d at 82. Therefore, the court loses the power to modify the original order.

■ ■ Precedent, it is said, should not implicitly govern, but discreetly guide. *Roane v. Hinton*, 6 Ark. (1 Eng.) 525, 527

(1846). The policy of adhering to precedent, or the doctrine of *stare decisis*, is fundamental to the common law. Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. *Parish v. Pitts*, 244 Ark. 1239, 1252, 429 S.W.2d 45, 52 (1968). The court in *Parish*, setting out the test for determining whether a case should be overruled, stated the following:

> Having determined as we have here that a rule established by precedent no longer gives a just result it must then be determined whether the rights of those who have justifiably relied upon the established precedents are of greater weight in this case than that the rule be corrected. The test is whether it is more important that the matter remain settled than that it be settled correctly. *Brickhouse v. Hill*, 167 Ark. 513, 522, 268 S.W. 865 (1925).

*Id.* at 1253.

In more recent decisions, this court has stated that there is a strong presumption of the validity of prior decisions. *Thompson v. Sanford*, 381 Ark. 365, 663 S.W.2d 932 (1984)(citing *Walt Bennet Ford, Inc. v. Pulaski County Special Sch. Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981)). The court in *Sanders v. County of Sebastian*, 324 Ark. 433, 922 S.W.2d 334 (1996), stated:

> While we do have the power to overrule a previous decision, it is necessary, as a matter of public policy, to uphold prior decisions unless a great injury or injustice would result. *Independence Fed. Bank v. Payne Webber*, 302 Ark. 324, 789 S.W.2d 725 (1990); *Thompson v. Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984). The United States Supreme Court has recognized that adherence to precedent promotes stability, predictability, and respect for judicial authority. *Hilton v. S.C. Pub. Rys. Comm'n*, 502 U.S. 197 (1991), citing *Vasquez v. Hiller*, 474 U.S. 254, 265-66 (1986).

*Id.* at 435- 436.

Thus, in the case before the court, the State has the burden of showing that our refusal to overrule *Harmon* would result in injustice or great injury. *Id.* The State has not met its burden. It makes the argument that because the broad power to revoke probation remains possible when a fine is imposed, it is not unreasonable to extend that power and conclude that a modification of probation should also be available. However, the State gives no

compelling reason nor citation to authority for support of this change, but merely asserts that *Harmon* is inconsistent with our earlier decision in *Diffee v. State,* 290 Ark. 194, 198-99, 718 S.W.2d 94, 96-97 (1986), insofar as *Diffee* stands for the proposition that a fine is a disposition apart from the probated prison sentence. The State's argument is misplaced as *Diffee* holds that a court may both impose a fine *and* place the defendant on probation *or* suspend imposition of the sentence as to imprisonment.

■ We do not consider arguments unsupported by convincing authority, unless it is apparent without further research that they are well taken. *McClendon v. State,* 316 Ark. 688, 693, 875 S.W.2d 55, 58 (1994).

■ Based on the above reasons, we decline to overrule *Harmon v. State.*

Reversed.