Eric Scott PIKE *v.* STATE of Arkansas

CR 00-378                                                          40 S.W.3d 795

Supreme Court of Arkansas
Opinion delivered April 19, 2001

*Norwood & Norwood, P.A.,* by: *Doug Norwood,* for appellant.

*Mark Pryor,* Att'y Gen., by: *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant, Eric Scott Pike, appeals the April 19, 1999, judgment of the Benton County Circuit Court, finding him in contempt for violation of the court's orders and sentencing him to 150 days' imprisonment in the Benton County Jail. Appellant raises two points for reversal: (1) the trial court erred in finding appellant in contempt of court because it lost jurisdiction to do so when it executed his sentence, and (2) even if the trial court did not lose jurisdiction to find appellant in contempt, the trial court erred in sentencing appellant to imprisonment in excess of the statutory maximum sentence. We agree with appellant's first point and reverse.

On November 10, 1993, appellant, Eric Scott Pike, pled guilty to four counts of forgery, Class C felonies. Appellant's plea was deferred under Act 346 of 1975,[1] and he was placed on three years' supervised probation.

On January 17, 1995, the State filed a petition for revocation of probation, alleging that appellant failed to report to his probation officer and failed to pay fines, fees, and costs. On January 30, 1995, the Benton County Circuit Court held a probation-revocation hearing based on these allegations. Appellant admitted the violations alleged in the State's petition. The trial court found appellant in contempt of court and sentenced him to eighteen days in jail, with credit for eighteen days served. However, the trial court did not accept appellant's initial guilty plea or revoke his Act 346 of 1975 status. The trial court also extended appellant's probation by two years.

On October 8, 1996, the State filed a second petition for revocation of probation, alleging that appellant had (1) failed to report to his probation officer; (2) failed to pay fines, fees, and court

---

[1] Act 346 of 1975, which is codified at Ark. Code Ann. § 16-93-303 (1987), provides, in relevant part:

(a)(1)(A) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.

\* \* \*

(2) Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.

Id.

costs; (3) tested positive for marijuana use on March 14, 1996; (4) admitted to using marijuana on April 15, 1996; and (5) failed to report a change of address to his probation officer. On September 4, 1997, the trial court held a second probation-revocation hearing based on these allegations. Appellant again admitted the violations alleged in the State's petition for revocation of probation. Based on this admission, the trial court revoked his Act 346 of 1975 status, accepted his initial guilty plea on the charges of forgery, ordered him to pay the balance of $866.25 in fines, fees, and court costs, and found him in contempt of court, ordering him to serve 120 days in the Arkansas Department of Community Punishment's Regional Punishment Facility. The trial court also extended appellant's probation for another twenty-four months.

On June 5, 1998, the State filed a third petition for revocation of probation, alleging that appellant had failed to report to his probation officer and had failed to pay fines, fees, and court costs. On January 14, 1999, appellant filed a motion to dismiss the State's third petition for revocation of probation, citing our decisions in *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998) and *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994). Appellant contended that the trial court had lost jurisdiction over him by entering its September 4, 1997, order that accepted his guilty plea, revoked his Act 346 of 1975 status, and executed his sentence by ordering him to pay the balance of $866.25 in fines, fees, and court costs. On April 12, 1999, the trial court denied appellant's motion to dismiss. On April 19, 1999, the trial court held a third probation-revocation hearing based on allegations in the State's third petition for revocation of probation. Appellant again admitted the violations alleged in the State's petition. The trial court denied the State's petition for revocation of probation, but found appellant in contempt for violating the conditions of his probation as alleged in the State's third petition to revoke. The trial court sentenced appellant to 150 days in the Benton County Jail, but stayed the 150 days in jail so that appellant could file a petition for writ of prohibition in our court.

On August 9, 1999, appellant filed the petition for writ of prohibition in our court. On February 10, 2000, we denied appellant's petition for writ of prohibition without prejudice to raise on direct appeal. *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000).

Appellant appealed the trial court order to the Arkansas Court of Appeals, and on November 8, 2000, the court of appeals certified this case to us.

For his first argument on appeal, appellant argues that the trial court erred in finding him in contempt of court at the third revocation hearing because the trial court had lost jurisdiction over appellant after it executed his sentence at the second revocation hearing by accepting his guilty plea and ordering him to pay the balance of $866.25 in fines, fees, and court costs.

At the outset, we note that the State concedes that, if the question of jurisdiction can be addressed in this proceeding, the trial court lost jurisdiction. However, the State argues that although the trial court lost jurisdiction over appellant when it executed his sentence, appellant nevertheless had the obligation either to challenge the jurisdiction of the trial court as to the underlying order of probation by direct appeal or to abide by its terms, which, as the State points out, appellant did not do. The State further argues that appellant is not entitled to challenge the validity of the order underlying the contempt order because such a challenge would allow a defendant to willfully disobey a trial court's orders based on a defendant's own determination that the court lacked jurisdiction, regardless of the merits of his or her jurisdictional claim.

While this argument is generally correct, we disagree that it is applicable to the circumstances of this case. The validity of this argument depends upon the answer to the question whether the order underlying the finding of contempt was void, thereby depriving the trial court of subject-matter jurisdiction, or whether it was only voidable for error or other irregularity.

In determining whether one may be held in contempt for violating a court order, a distinction must be made between erroneous and void orders. In *Etoch v. State*, 332 Ark. 83, 964 S.W.2d 798 (1998), we stated that the fact that a decree was erroneous would not excuse disobedience on the part of those bound by its terms until the order was reversed. *Id.* (citing *Meeks v. State*, 80 Ark. 579, 98 S.W. 378 (1906)). We further stated that where the contemnor merely refused to comply with an order that was clearly within the court's jurisdiction and power, we will not look behind that order. *Id.* (citing *Carle v. Burnett*, 311 Ark. 477, 845 S.W.2d 7 (1993)).; *see also* Ark. Code Ann. § 16-10-108(a)(3) & (4) (Repl. 1999).[2]

---

[2] Ark. Code Ann. § 16-10-108(a)(3) & (4) provides, in relevant part:

(a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts, and no others:

* * *

■ Our own holdings on this issue are harmonious with the general rule, stated in 17 AM.JUR.2D *Contempt* § 147 (2000), as follows:

> Where the court has jurisdiction over the subject matter and the parties and has the authority to render a particular order or decree, the fact that such order or decree is erroneous or irregular or improvidently rendered does not justify a person in failing to abide by its terms; failure to obey the order may be punished as contempt despite the error or irregularity.

*Id.*

■ Conversely, if the trial court lacks subject-matter jurisdiction, an attempt to make a further order in the case is void for lack of jurisdiction, and the issue of subject-matter jurisdiction can be raised at any time. For example, in *Leonard v. State*, 170 Ark. 41, 278 S.W. 654 (1926), we quoted approvingly from *Martin v. State*, 162 Ark. 282, 257 S.W. 752 (1924), where we stated, " 'This court is committed to the doctrine that one cannot be held in contempt for disregarding a void order or judgment.' " We further stated, " 'It is a good defense to an application to punish for a contempt that the order or direction charged to have been disobeyed or violated was made without authority or jurisdiction.' " *Leonard, supra* (citation omitted).

■ Although appellant did not raise the question of validity of the extension of probation at the second hearing, it was not necessary that he do so. In *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989), we stated that a trial court loses jurisdiction to modify or amend the original sentence, once a valid sentence is put into execution. *Id.* (citing *Toney v. State*, 294 Ark. 473, 743 S.W.2d 816 (1988); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987)). In *Jones, supra*, appellant did not raise the question of the validity of a subsequent sentence to the trial court, but appealed, contending that the trial court acted beyond its authority in imposing the second sentence. *Id.* We concluded that the trial court had acted beyond its authority and reversed, stating:

---

(3) Willful disobedience of any process or order *lawfully* issued or made by it;

(4) Resistance, willfully offered, by any person to the *lawful* order or process of the court....

*Id.* (emphasis added).]

> Although appellant did not object in the trial court, she need not have done so. The trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court."

*Id.* (citing *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985); *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983)).

■ Our decisions on this point remain harmonious with the general principles articulated in 17 AM.JUR.2D *Contempt* § 148 (2000), where it is stated that "a court cannot punish as contempt violation of an order beyond the court's power or jurisdiction. Consequently, it is said to be no contempt to disobey a void order." *Id.* This provision of *American Jurisprudence Second* continues by stating that "lack of jurisdiction or power of the court to make the order allegedly violated may be raised on appeal from a judgment of conviction for contempt." *Id.*

■■ We have made it clear that a trial court loses jurisdiction to modify or amend an original sentence once a valid sentence is put into execution. *E.g.*, *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998); *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994); *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). We have also held that a plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving the trial court of jurisdiction to amend or modify a sentence that has been executed. *McGhee, supra; Harmon, supra; Jones, supra.*

In *McGhee, supra,* the State urged us to overrule *Harmon, supra,* but we declined to do so and reversed the trial court, adhering to our long-standing case law, which holds that a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment, constitutes a conviction, and that, therefore, the court loses power to modify the original order. *McGhee, supra* (citing *Jones, supra*).

Similarly, in the present case, by the time of the third revocation hearing, the trial court had lost subject-matter jurisdiction to modify the sentence that had already been executed by the trial court's actions in revoking appellant's Act 346 of 1975 status, accepting his guilty plea, and ordering him to pay the balance of $866.25 in fines, fees, and court costs.

█ Because the trial court lost subject-matter jurisdiction over appellant once it executed his sentence at the second hearing, we conclude that the trial court had no authority or jurisdiction either to extend probation or to hold the third probation-revocation hearing. We hold that a court cannot punish as contempt a violation of an order that is void because the court lacked subject-matter jurisdiction to enter it. Accordingly, we reverse and dismiss.

Because we agree with appellant's first point for reversal, we do not reach his second argument.

Reversed and dismissed.