Richard Marion HAMM *v.* STATE of Arkansas

CA CR 01–189                                   57 S.W.3d 252

Court of Appeals of Arkansas
Division II
Opinion delivered October 31, 2001

*Sandra Bradshaw* and *John F. Gibson, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. After pleading guilty to three counts of Class A misdemeanor sexual misconduct, Richard Marion Hamm was placed on supervised probation for thirty-six months, conditioned upon Hamm serving one year in the county jail and paying a $1,000 fine and court costs. Approximately one year later, Hamm filed a motion for discharge from probation, alleging that he had been on probation for the maximum period of time allowed by law. The State responded that appellant's motion was untimely. The trial court agreed, finding that because appellant was sentenced to one year in jail, the ninety-day limitation on sentence modification applied and that it lacked jurisdiction to modify appellant's sentence. We hold that appellant failed to timely file his motion within ninety days. Consequently, we affirm.

On November 19, 1998, appellant was charged by information for the rape of a minor less than fourteen years of age. He entered into a negotiated plea and pled guilty to three counts of Class A misdemeanor sexual misconduct. As a result of his guilty plea, appellant received an imprisonment of one year, a fine of $1,000 and thirty-six months of supervised probation. He was also required to register as a sex offender.

During the plea proceedings, the court queried whether jail was a condition of probation. The State responded yes, and stated that if appellant did not serve 365 days in jail, he would face one year imprisonment on each count. The court entered an Order and Conditions of Supervised Probation on November 10, 1999. This order deferred sentencing and placed appellant on supervised probation for thirty-six months contingent upon him serving one year in the county jail. The record reveals the following exchange at the proceeding:

THE COURT: And do you lawyers concur in this plea?

MR. GIBSON: Yes, we do, Your Honor.

MS. BRADSHAW: Yes.

THE COURT: The Court finds the plea voluntarily and intelligently made. I further find that there is a factual basis for the plea. In exchange for a plea o[f] sexual misconduct, there's three counts, a class A misdemeanor, it's the judgment and sentence of this court to defer sentencing and place the defendant on supervised probation for thirty-six months. You are to comply with all the conditions of supervised probation. Some of the conditions have an N/A. That's not applicable?

MR. GIBSON: That's correct. Your Honor, the plea was a year in the county jail and thirty-six months unsupervised. And the conditions of probation are geared towards somebody who is reporting on a supervised basis.

THE COURT: Well, where is the other paperwork? I — do you have a commitment form?

MR. CHAMBERS: I don't do a judgment and commitment form for a misdemeanor.

THE COURT: I need a judgment.

MR. CHAMBERS: Here it is. That's one of the orders and condition of supervised probation to serve 365 days in the Ashley County jail.

MR. GIBSON: Right.

THE COURT: So is jail a condition of probation?

MR. CHAMBERS: That's correct. If he doesn't serve his 365 days in jail he could be revoked and he's got three counts of one year each that he could face. What he's doing right now, he's only going to serve one year in jail. . . . And that's what it says, the order on top of the document directs him to serve 365 days in jail. That's because it's a misdemeanor. . . .We typically don't do judgment and commitment orders.

THE COURT: Well, I can do — I think he should be — Is he being sentenced to one year in jail now?

MR. GIBSON: Yes.

Later in the proceedings, the court engaged in the following colloquy:

THE COURT: I don't like to do — I'm not going to — Let's do a regular sentencing to the county jail as if —
So the sentence, you will be sentenced to the county jail for one year?

THE DEFENDANT: Yes sir.

MR. CHAMBERS: Correct.

THE COURT: Does the probation begin after that?

MR. CHAMBERS: *Correct. There will be two years after that, two years probation.* [Emphasis added.]

MR. GIBSON: *Right.* [Emphasis added.]

The trial court entered its findings and orders from the November 8, 1999, proceeding on November 12, 1999, which included the following language:

The defendant is sentenced to the county jail for twelve months. Defendant shall be permitted to remain out for two weeks and is to report to the Ashley County Sheriff's Office on November 22, 1999, at 5:00 p.m.

Next, the court entered an Amended Order and Findings on December 6, 1999. This order stated as follows:

Defendant is sentenced to the Ashley County Jail for a period of 365 days. Defendant shall report to the Ashley County Jail within two hours from the time he is off work and shall be released two hours prior to reporting to work.

All previous orders and conditions not specifically modified shall remain in effect.

On December 20, 2000, appellant filed a motion for discharge from probation, alleging that he had been on probation for the maximum period of time allowed by law. In response, the State argued that appellant's motion was untimely pursuant to a ninety-day statutory limitation. Following a hearing, the trial court found that appellant was sentenced to one year of imprisonment in the county jail, with a portion of the sentence requiring him to be on probation and complying with certain conditions. It then found that because the ninety-day limitation to modify a sentence was applicable, it lacked jurisdiction to modify appellant's sentence. This appeal follows.

The crux of appellant's argument hinges on his contention that he was not sentenced by the trial court, but was instead placed on probation conditioned upon him serving 365 days in jail. In response, the State persuasively argues that regardless of the semantics used, appellant was convicted with the result being that the trial court lost jurisdiction.

Arkansas Code Annotated section 5-4-401(b)(1) (Repl. 1997) provides that a Class A misdemeanor sentence shall not exceed one year. When the defendant is placed on probation, the period of probation must not exceed the maximum jail time allowable for the offense charged. *See* Ark. Code Ann. § 5-4-306(a)(1) (Supp. 1999). Also, multiple periods of probation must run concurrently. *See* Ark. Code Ann. § 5-4-307(b) (Repl. 1997).

■■ Once a valid sentence has been put into execution, the trial court loses jurisdiction to modify or amend an original order. *See Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001). While a sentence of jail time constitutes a conviction, our courts have repeatedly held that a conviction also occurs when a plea of guilty, combined with a fine and probation or a suspended sentence, is executed, such that the trial court is deprived of jurisdiction to amend or modify the executed sentence. *See id.*

Rule 37.2 (b) of our Rules of Criminal Procedure provides in pertinent part that "all grounds for post-conviction relief from a sentence imposed by a circuit court, including claims that a sentence is illegal or was illegally imposed, must be raised in a petition under this rule." Subsection (c) goes on to state that when a conviction results from a plea of guilty, the party claiming relief under Rule 37.2 must file a petition in the appropriate circuit court within ninety days of the date of the judgment.

■ Section 16-90-111(a) (Supp. 1999) of the Arkansas Code Annotated, allows a circuit court to correct an illegal sentence at any time. This remedy is narrow and only applies when the trial court seeks to correct a sentence that was imposed in an illegal manner within ninety days or when the petitioner establishes that the sentence was illegal on its face. *See id.*

■ Although section 16-90-111(b) allows a trial court to correct an illegal sentence at any time, Rule 37.2(c) of the Arkansas Rules of Criminal Procedure provides a ninety-day time limitation. The filing deadlines contained in Rule 37.2(c) are jurisdictional in nature. *See Petree v. State*, 323 Ark. 570, 920 S.W.2d 819 (1995). Consequently, our supreme court has held that the ninety-day statute-of-limitation period prescribed in Rule 37.2 governs Rule 37 petitions as well as petitions filed pursuant to section 16-90-111(a). *See id.*

■ The record demonstrates that appellant entered a plea of guilty and received a 365-day jail term, plus a $1,000 fine. Pursuant to *Pike, supra*, appellant was convicted. As a result of his conviction, appellant was ordered to serve one year of imprisonment, followed by a two-year term of probation. This sentence was illegal because, contrary to section 5-4-306, appellant's probationary period exceeded the length of his jail imprisonment. However, appellant filed his petition seeking to modify his sentence approximately one year later. Because the motion was not filed within the ninety-day limitation prescribed by Rule 37.2, the trial court correctly determined that it lacked jurisdiction.[1]

Affirmed.

BIRD and CRABTREE, JJ., agree.

---

[1] Appellant and his counsel may seek relief via a petition for writ of *habeas corpus. See Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999).