Michael Dee MOSELEY *v.* STATE of Arkansas

CR 01-1427                                                80 S.W.3d 325

Supreme Court of Arkansas
Opinion delivered July 5, 2002

*Steven R. Jackson,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Michael Dee Moseley appeals the judgment of the Benton County Circuit Court revoking his probation and sentencing him to a term of imprisonment of six years. For his sole issue on appeal, Moseley contends that the trial court erred in failing to dismiss the State's petition to revoke for lack of subject–matter jurisdiction. Specifically, he asserts (1) that Act 1569 of 1999 did not overrule this court's caselaw that a trial court cannot revoke a person's probation twice or modify or add additional terms to the probation, once the sentence has been placed into execution; and (2) that Act 1569 of 1999 allows a trial court to add a period of confinement after probation revocation only if no period of confinement was included in the original order. We hold that the trial court had jurisdiction to revoke Moseley's probation following the State's second petition to revoke, and to sentence him to prison. We affirm the trial court.

On June 22, 1999, Moseley was arrested for the rape of JD, a minor. On August 11, 1999, Moseley was charged with incest, and on January 25, 2000, he pled guilty to sexual solicitation of a minor and false imprisonment in the second degree. He was sentenced to ninety days in the county jail, with ninety days credit given for time already served, and six years of supervised probation under Act 346 as a first-time offender. His probation was also conditioned on paying fees and costs: court costs of $150.00, a child and sex offender fund fee of $250.00, a DNA fund fee of $250.00, and a public defender fee of $350.00. The plea agreement and order also provided that Moseley was to participate in a sex offender treatment program, a domestic abuse intervention program, and parenting classes. In addition, he was to have no unsupervised contact with the victim or other minor children in the household unless otherwise ordered by the trial court.

On February 11, 2000, the State filed a petition to revoke Moseley's probation. In that petition, the State alleged that Moseley had reported to the probation office in the unsupervised company of a minor, that he had admitted to unsupervised contact with the victim, JD, and that he had failed to comply satisfactorily with the sex-offender treatment program in that he had only attended two of eight sessions. On March 1, 2000, the trial court entered a revocation order in which it continued the probation and found Moseley in contempt for violation of its original order. The trial court sentenced him to thirty days in the county jail for contempt with nineteen days' credit and placed him on intensive supervision for three months. The trial court also extended his period of probation an additional two months, ordered him to pay the fees and costs, and further ordered that a residential plan be prepared to ensure "no contact with minors." The plan was later devised by Moseley's wife, Judy, and filed with the trial court on March 9, 2000.

On April 24, 2001, the State filed a second petition to revoke Moseley's probation. In this petition, the State alleged that Moseley had committed the offenses of driving while intoxicated, criminal mischief, no driver's license, disorderly conduct, implied consent, endangering the welfare of a minor, and child passenger protection. Further, the State claimed that Moseley had been in the unsupervised company of a minor and had consumed excessive alcohol in violation of the court's order and his probation agreement. Attached to the State's petition was the affidavit of Mark Bernthal, Moseley's probation officer, in which he stated that according to a police report, Moseley "had his 5 year old son, who was injured, in his lap while driving." Moseley had struck a rock disabling his vehicle. He was intoxicated, according to the affidavit, and became very combative and belligerent when taken into custody.

On June 18, 2001, a hearing was held on the State's second revocation petition. At the hearing, Moseley presented a motion to dismiss, arguing that because he was sentenced to jail time for contempt in the prior revocation order, the trial court lost jurisdiction over him under this court's case law. The court took the motion under advisement. On June 20, 2001, Moseley filed his

written motion and brief-in-support, reiterating his prior argument that the court had lost jurisdiction of his case. On June 22, 2001, the court held a second hearing on the State's petition. The court denied Moseley's motion to dismiss, and said that in the prior revocation hearing of February 28, 2000, the court had specifically continued Moseley's probation and "put him in jail for contempt of Court for violation of the Court's orders, and that was done without objection. There was no execution of sentence at all." The trial court further noted that Moseley's Act 346 status was still in effect.

The trial court then heard from the State's witnesses in support of the petition. At the conclusion of the hearing, the trial court noted that the standard of proof was preponderance of the evidence, but that the court was satisfied beyond a reasonable doubt that Moseley had violated his probation by driving while intoxicated, endangering the welfare of a minor, and being in the presence of a minor without supervision. The court revoked Moseley's probation and sentenced him to six years in the Department of Correction. It further ordered him to pay the balance of his fines and costs of $535 at a rate of $50 per month plus a $5 monthly collection fee, beginning sixty days after his release. The court noted that Moseley had ninety days of jail time credit and ordered him to complete a drug and substance abuse treatment program. A revocation order to that effect was entered that same day, and on July 18, 2001, the court entered its judgment and commitment order.

Moseley claims in this appeal that after the initial probation revocation order of March 1, 2000, and the sentence to jail for contempt, the trial court lost jurisdiction over his case and, therefore, did not have jurisdiction to rule on the State's second petition for revocation. In making this claim, Moseley relies on this court's prior caselaw which held that a trial court cannot modify or add additional terms to a defendant's probation once the sentence has been placed into execution. He cites this court to *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001); *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998); and *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994). He further contends that while the General Assembly attempted to overturn this court's decisions

by Act 1569 of 1999, the legislative attempt does not affect his case or change this court's caselaw that once a defendant's sentence has been placed into execution, the trial court loses jurisdiction over that defendant. He argues that under Arkansas Code Annotated § 5-4-303(f), a trial court can only act in "limited situations when a defendant continues on a period of suspension of imposition of sentence or a period of probation." He concludes that because the trial court lost jurisdiction over him when his sentence was executed, the court was without jurisdiction to modify that sentence following the second probation hearing in 2001.

The State responds that the law changed with Act 1569 of 1999, which empowered trial courts to use intermediate sanctions in probation revocations and to modify original sentences where appropriate. The State points out that the legislature specifically declared its intention to allow the use of sanctions formerly deemed impermissible in *McGhee v. State, supra* and further asserts that reading Act 1569 in the manner Moseley claims would be contrary to the legislative intent expressed in the Act's emergency clause.

We turn then to an analysis of Act 1569 of 1999. Prior to Act 1569, our caselaw stood for the proposition that a trial court lost jurisdiction to modify or amend an original sentence once that sentence was put into execution. *See Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001) (citing *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001); *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989) (citing *Toney v. State*, 294 Ark. 473, 743 S.W.2d 816 (1988); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987))). In 1999, however, the General Assembly enacted Act 1569 which amended Arkansas Code Annotated §§ 5-4-301, 5-4-303, 5-4-304, and 5-4-306. *See* Act 1569 of 1999. Act 1569 went into effect on April 15, 1999, and this court subsequently held that it was to only be applied prospectively. *See Bagwell v. State, supra*. In order for Act 1569 to apply to the facts of Moseley's case, it had to have been in effect at the time the original crime was committed. *See id.* Here, Moseley's offenses occurred between May 1, 1999, and June 22, 1999, which was after the effective date of Act 1569. Accordingly, Act 1569 applies to the facts of his case.

■ Act 1569 amended Ark. Code Ann. § 5-4-301(d) to add a new subsection (d)(2):

(d)(1) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:

(A) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or

(B) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.

(2) The entry of a judgment of conviction shall not preclude:

(A) The modification of the original order suspending the imposition of sentence on a defendant or placing a defendant on probation following a revocation hearing held pursuant to § 5-4-310; and

(B) Modifications set within the limits of §§ 5-4-303, 5-4-304, and 5-4-306.

Ark. Code Ann. § 5-4-301(d) (Supp. 2001). As a result, trial courts are now specifically authorized to modify original court orders and even add penalties to those orders up to the statutory limits.

Moseley first contends that Act 1569 did not effectively overrule this court's prior caselaw. We disagree. The Emergency Clause of Act 1569 provides, in pertinent part:

It is hereby found and determined by the Eighty-second General Assembly that McGhee v. State, [334] Ark. [543] (Oct. 15, 1998) held that a court revoking a suspended sentence or probation and adding a term of confinement as a condition of the suspension or probation, cannot subsequently revoke at a second revocation hearing and impose a term of incarceration. Therefore, in accord with the sentencing policy of the state contained in Arkansas Code § 16-90-801(c), which provides that there should be a *continuum of sanctions with significant intermediate sanctions (including short terms of confinement) utilized when appropriate. Therefore, an emergency is* declared to exist and this act being immediately necessary for the preservation of the public peace,

> health and safety shall become effective on the date of its approval by the Governor. . . .

Act 1569 of 1999, § 8 (emphasis in original).

■ The Emergency Clause does contain a sentence fragment, but it is clear to us that the legislature intended to overturn this court's decision in *McGhee v. State, supra.* This is evidenced by the legislature's specific reference in its Emergency Clause to a "continuum of sanctions with significant intermediate sanctions (including short terms of confinement)." In addition, Act 1569 was entitled, "An Act to Allow Circuit Courts to Increase Conditions of Probation Following a Revocation Hearing; and for Other Purposes[.]" We have said that "when the construction of a statute is at issue, we will presume that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under pre-existing law." *R.N. v. J.M.*, 347 Ark. 203, 211, 61 S.W.3d 149, 153 (2001) (quoting *Davis v. Old Dominion Freight Line, Inc.*, 341 Ark. 751, 756, 20 S.W.3d 326, 329 (2000)). Clearly, the legislature was familiar with our decision in *McGhee* and was taking corrective action regarding it.

■ ■ We have further said that if the legislature disagrees with this court's interpretations of its statutes, it may amend those statutes. *See Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997). We have no doubt that by enacting Act 1569, the legislature intended to overturn the *McGhee* decision, and we conclude that it effectively did so. Because of this, the trial court was within its jurisdiction to modify Moseley's original order by its second revocation order and did not err in denying Moseley's motion to dismiss.

Moseley next urges that the trial court lacked jurisdiction to sentence him to a term of imprisonment in the state penitentiary because its original order contained a period of confinement. According to Moseley, only when an original order contains no period of confinement can a later prison term be imposed as part of a probation revocation. He notes our standard of strict construction of criminal statutes and our resolution of doubt in favor

of the accused, citing this court to *Manning v. State*, 330 Ark. 699, 956 S.W.2d 184 (1997). Specifically, he maintains that Ark. Code Ann. § 5-4-304(c), which was added to the Criminal Code by Act 1569, permits imposition of a prison term only if no previous period of confinement had been meted out by the trial court.

We first observe that Moseley concedes this argument was not raised to the trial court. However, the issue involves subject-matter jurisdiction, and this court has held that the trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *Pike v. State*, 344 Ark. at 484, 40 S.W.3d at 799 (quoting *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989)). Thus, even though Moseley did not raise this argument to the trial court, he can raise it on appeal.

Moseley's contention is without merit. Section 5-4-304, entitled "Confinement as condition of suspension or probation," relates to the imposition of a period of confinement in a local jail as a condition of a suspended sentence or probation. The statute reads:

> (a) If the court suspends the imposition of sentence on a defendant or places him on probation, it may require as an additional condition of its order that the defendant serve a period of confinement in the county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility at whatever time or consecutive or nonconsecutive intervals within the period of suspension or probation as the court shall direct.
>
> (b) *An order that the defendant serve a period of confinement as a condition of suspension or probation shall not be deemed a sentence to a term of imprisonment and the court need not enter a judgment of conviction before imposing such a condition.*
>
> (c) Following a revocation hearing held pursuant to § 5-4-310 and wherein a finding of guilt has been made or the defendant has entered a plea of guilty or nolo contendere, the court may add a period of confinement to be served during the period of suspension of imposition of sentence or period of probation, if no period of confinement was included in the original order placing the defendant on suspended imposition of sentence or probation.

(d)(1) The period actually spent in confinement pursuant to this section shall not exceed one hundred twenty (120) days in the case of a felony or thirty (30) days in the case of a misdemeanor.

(2) For purposes of this subsection, any part of a twenty-four-hour period spent in confinement shall constitute a day of confinement.

(e) *If the suspension or probation of the defendant is subsequently revoked and the defendant is sentenced to a term of imprisonment, the period actually spent in confinement pursuant to this section shall be credited against the subsequent sentence.*

Ark. Code Ann. § 5-4-304 (Supp. 2001) (emphasis added). Section 5-4-304(b) makes it abundantly clear that a "period of confinement" in a local jail as a condition of probation and a "term of imprisonment" in the state penitentiary are two entirely different punishments.

Moreover, our Criminal Code, as amended by Act 1569, specifically provides that a trial court can *always* sentence a defendant, upon a finding of guilt and revocation of his probation, to a term of imprisonment in the Department of Correction for violating his probation:

(f) Following a revocation hearing where the defendant continues on a period of suspension of imposition of sentence or a period of probation, nothing shall prohibit the court from revoking the suspension of imposition of sentence or period of probation and sentencing a defendant to incarceration in the Department of Correction upon finding the defendant guilty at a subsequent revocation hearing.

Ark. Code Ann. § 5-4-303(f) (Supp. 2001). Arkansas Code Annotated § 5-4-309(f) provides further authority for such action by the trial court:

(f)(1)(A) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty.

(B) Provided, that any sentence to pay a fine or to imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or, if applicable, § 5-4-501.

(2)(A) For purposes of this subsection, the term "any sentence" includes the extension of a period of suspension or probation.

(B) If, upon revocation, an extension of suspension or probation is made, the court is not deprived of the ability to revoke such suspension or probation again should the defendant's conduct so warrant.

Ark. Code Ann. § 5-4-309(f) (Supp. 2001).

■ ■ In short, sections 5-4-303(f) and 5-4-309(f) state unambiguously that nothing shall prohibit the trial court from revoking probation and imposing any sentence which might have originally been imposed. This court has held that if the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no reason to resort to rules of statutory interpretation. *See Edwards v. State*, 347 Ark. 364, 64 S.W.3d 706 (2002) (*per curiam*). That is certainly the situation with respect to the two statutes at issue.

■ Accordingly, the fact that Moseley was sentenced to ninety days in the county jail with ninety days credit as a period of confinement in the trial court's original order of probation does not preclude the court's order of six years' imprisonment following the State's second petition for revocation and a finding of guilt for violating his probation. The original ninety-day sentence to the county jail was merely a condition of the order placing him on probation under § 5-4-304. It had nothing to do with the sentence imposed on him at the revocation hearing of June 22, 2001, for violating his probation. Finally, § 5-4-304(e) specifically contemplates giving credit for time spent in confinement against a term of imprisonment, following a revocation of probation. Hence, Moseley's argument fails, and § 5-4-304(c) relating to periods of confinement is not controlling.

Affirmed.

IMBER, J., not participating.