Darren GATES *v.* STATE of Arkansas

CR 02-432                                    107 S.W.3d 868

Supreme Court of Arkansas
Opinion delivered May 22, 2003

*Susan D. Korsnes*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. This appeal presents an issue concerning subject-matter jurisdiction of the trial court to modify an executed sentence. On March 21, 1996, appellant,

Darren Gates, was charged with possession of a controlled substance with the intent to sell or deliver, a class Y felony. On December 16, 1996, appellant pleaded guilty to the charge and was sentenced by the Crittenden County Circuit Court to five years' supervised probation. Appellant was further ordered to pay $3,500.00 in fines, court costs, a public defender's fee, and a probation fee. The fine and fees were to be paid monthly at $100.00 per month, beginning on February 1, 1997.

On October 30, 1997, after a probation hearing was held, appellant's probation was revoked based upon a finding that he failed to report to probation, failed to pay his fines, costs, and fees, used illegal drugs while on probation, and possessed a firearm as a convicted felon. Based upon these findings, appellant's sentence was modified to six years in the Arkansas Department of Correction with an additional consecutive sentence of fifteen years suspended sentence. He was also fined $4,078.00, the unpaid balance of the fines and the costs previously assessed.

A second revocation hearing was held on February 2, 2002. On February 8, 2002, the trial court granted the State's petition to revoke appellant's sentence, finding that appellant violated the terms and conditions of his suspended imposition of sentence. The trial court further found that he violated his probation by possessing cocaine with the intent to sell or deliver, fled from the police, resisted arrest, and possessed paraphernalia. Appellant was sentenced to eleven years in the Arkansas Department of Correction.

It is from these revised sentences arising out of his original conviction that appellant brings his appeal. On appeal, appellant argues that because the trial court lacked jurisdiction to modify his original sentence in either 1997 or 2002, the additional sentences were not valid sentences.

■ ■ At the outset, we note that the trial court *sua sponte* requested arguments from counsel on the issue whether the trial court had subject-matter jurisdiction to sentence appellant at the February 2, 2002 hearing. Although appellant did not move to dismiss the revocation petition or specifically argue that the trial court lacked subject-matter jurisdiction to revoke his probation, subject-matter jurisdiction may be raised for the first time on appeal. *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001). We treat problems of void or illegal sentences similar to problems of

subject–matter jurisdiction and review them even if not raised on appeal and not objected to in the trial court. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235.

For his sole point on appeal, appellant argues that the trial court lacked subject–matter jurisdiction to modify his sentence in 1997 and in 2002. Specifically, he argues that his 1996 sentence of five years' probation, plus a fine, court costs, and a fee, is an executed sentence constituting a judgment of conviction.

### I. Act 1569 of 1999 does not apply.

■ ■ Prior to Act 1569 of 1999 ("Act"), a trial court lost subject–matter jurisdiction to modify or amend an original sentence once it was put into execution. A sentence is put into execution when the trial court issues a judgment of conviction or a commitment order. *See Bagwell, supra* (citing *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001)); *Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995). We have held that a plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving a trial court of jurisdiction to amend or modify a sentence that has been executed. *Pike, supra.*

Prior to the Act, 3 Ark. Code Ann. § 5-4-301(d) (Repl. 1997) was in effect. That statute provided in pertinent part:

> (d) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:
>
> (1) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or
>
> (2) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.

*Id.*

In 1999, the Act amended Ark. Code Ann. § 5-4-301(d) and now provides in pertinent part:

> (d)(1) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:

(A) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or

(B) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.

(2) The entry of a judgment of conviction shall not preclude:

(A) The modification of the original order suspending the imposition of sentence on a defendant or placing a defendant on probation following a revocation hearing held pursuant to § 5-4-310; and

(B) Modifications set within the limits of §§ 5-4-303, 5-4-304, and 5-4-306.

Ark. Code Ann. § 5-4-301(d) (Supp. 2001).

■ We have held that the Act does not apply retroactively to offenses committed prior to April 15, 1999, the effective date of the act. *Moseley v. State*, 349 Ark. 589, 80 S.W.3d 325 (2002). In order for the Act to apply to the facts in the present case, the Act must have been in effect at the time the original crime was committed. *Id.*

■ In the present case, the Act was not in effect at the time the original crime was committed, and cannot be invoked by the State to apply to the facts of this case. *See Moseley, supra.* On October 16, 1996, appellant entered a plea of guilty to the original crime of possession of a controlled substance with intent to deliver or sell and, on December 16, 1996, appellant was sentenced to five years' probation and a $3,500.00 fine. Appellant committed the offense, and his sentence was put into execution prior to the effective date of the provisions of the Act. For that reason, the Act does not apply because the original charge was committed prior to April 15, 1999. Under *Pike, supra*, appellant's plea of guilty, coupled with a fine and probation, constitutes a conviction, thereby depriving the trial court of subject-matter jurisdiction to amend or modify his original sentence that had been executed.

## II. The trial court lacked subject-matter jurisdiction to modify the original sentence.

■ The State argues that the trial court had jurisdiction to revoke appellant's probation in 1997 and his suspended sentence in

2002, but the State's argument is unavailing. We have said that a sentence must be in accordance with the statutes in effect on the date of the crime. *State v. Ross*, 344 Ark. 364, 39 S.W.3d 789 (2001). By the provisions of Ark. Code Ann. § 5-4-309(f) (Repl. 1993), "[i]f the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. . . ."

Here, the trial court revoked appellant's probation on October 30, 1997. The 1997 order reflects that the trial court found appellant in violation of his probation and sentenced him to six years' imprisonment. The trial court also imposed a fifteen-year suspended imposition of sentence to run consecutively to the six-year sentence. Appellant was also fined $4,078.00, the unpaid balance of the fines and the costs previously assessed.

Under Ark. Code Ann. § 5-4-309(f), the trial court could have imposed a term of imprisonment of ten to forty years or life for a class Y felony. *See* Ark. Code Ann. § 5-4-401(1) (Repl. 1993). Here, the trial court imposed a term of imprisonment, but exceeded its authority by modifying the terms of the original executed sentence when it entered an additional fifteen years' suspended sentence. These terms imposed an additional condition to the original executed sentence, and the trial court lacked authority to modify the original sentence. *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994) (citing *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989)). In sum, pursuant to Ark. Code Ann. § 5-4-309(f), the trial court lacked subject-matter jurisdiction to modify the original sentence by adding the fifteen years' suspended imposition of sentence. Additionally, after the invalid 1997 order, the trial court did not regain jurisdiction to enter the February 19, 2002 order that revoked appellant's second probation and sentenced him to eleven years in the Arkansas Department of Correction.

■ Our case law is clear that before the Act, once an original sentence is put into execution, an attempted modification of the original order is erroneous. *See Harmon, supra*. Based upon these well-established principles, as well as the plain meaning of § 5-4-301(d), we hold that the trial court lost subject-matter jurisdiction to modify the sentence by imposing an additional term of fifteen years' suspended sentence.

■ Accordingly, under *Harmon, supra,* and *Bagwell, supra,* we reverse the 1997 order adding a fifteen-year suspended sentence and the 2000 order revoking the suspension of that sentence and imposing additional penalties. We remand for further action consistent with this decision.

Reversed and remanded.