Glynnis HANKINS *v.* STATE of Arkansas

CA CR 03–275                                      141 S.W.3d 905

Court of Appeals of Arkansas
Division I
Opinion delivered January 21, 2004

*James Dunham*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. On June 25, 2001, appellant pled guilty to possession of cocaine, a Class C felony, and was placed on five years' probation by the Pope County Circuit Court. On December 2, 2002, the trial court granted the State's petition to revoke appellant's probation, sentencing appellant to serve thirty-six months in the Arkansas Department of Correction, with imposition of an additional thirty-six months' suspended sentence conditioned upon appellant living a law-abiding life. Appellant con-

cedes that there was sufficient evidence to support the trial court's finding that she inexcusably failed to comply with the terms and conditions of her probation. Appellant's only argument on appeal is that the trial court erred in entering a judgment and commitment order reflecting the additional thirty-six months' suspended imposition of sentence because it differed from the sentence pronounced in open court. We affirm.

Because appellant concedes that there was sufficient evidence to support the revocation of her probation, we need not discuss the conditions that were imposed and the proof of the subsequent violation of those conditions. At the December 1, 2002, revocation hearing, the court found that the State had met its burden of proof that appellant inexcusably failed to comply with the conditions of her probation. In regard to sentencing, the State recommended thirty-six months in the Arkansas Department of Correction with an additional period of thirty-six months' suspended sentence. Following some discussion with the parties, the court stated to appellant that the prosecutor's recommendation for a thirty-six-month sentence was not at all unreasonable, and noted that the court would not have had any problem imposing more time. The court stated, "A judgment of conviction shall be entered sentencing [appellant] to thirty-six months in the Arkansas Department of Correction." The court then took up the issue of an appeal bond, and the proceedings were concluded.

On December 4, 2002, a judgment and commitment order was filed of record, stating that appellant was found guilty of possession of a controlled substance and sentenced to serve thirty-six months in the Arkansas Department of Correction with imposition of an additional thirty-six months' suspended sentence conditioned upon defendant living a law-abiding life (not committing any offense punishable by imprisonment). Appellant appeals that portion of the judgment that imposed an additional suspended sentence.

Appellant contends that the court erred in incorporating into the written judgment and commitment order the additional thirty-six months' suspended imposition of sentence because at no time in the proceedings did the trial court impose a suspended imposition of sentence. Appellant contends that she was entitled to be present for all portions of the proceedings concerning her case pursuant to Ark. Code Ann. § 5-4-310 (Repl. 1997), and that

there were no further proceedings where the trial court changed its ruling from the ruling announced at the revocation hearing.

We note that appellant was present for all portions of the proceedings concerning her case and that the trial court was not required to conduct further proceedings to implement the addition of a suspended imposition of sentence to the judgment and commitment order. The State is correct in its contention that the judgment and commitment order was effective when entered of record, not when orally pronounced in open court.

In *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), the trial court pronounced judgment in open court, sentencing the defendant to five years each on three separate felonies, to be served concurrently. Eight days later, the court ordered the defendant to appear for resentencing, whereupon it sentenced the defendant to five years on each of the charges, to be served consecutively. The defendant argued on appeal that he was entitled to rely upon the sentence he received in open court, citing Ark. Code Ann. § 16-65-121 (Supp. 2001), which provides: "All judgments, orders, and decrees rendered in open court by any court of record in the State of Arkansas are effective as to all parties of record from the date rendered and not from the date of entry of record."

Our supreme court responded by noting that a judgment and commitment order is not effective until it is entered of record, and that while it is true that Ark. Code Ann. § 16-65-121 reads that a judgment rendered in open court is effective from the date it is rendered, it is also true that the statute has been superseded in civil matters by Ark. R. Civ. P. 58, which provides that a judgment is effective upon entry of record. The court cited its decision in *Price v. Price*, 341 Ark. 311, 315, 16 S.W.3d 248, 251 (2000), where it said that in order to "protect what we hold inviolate we now declare that we will defer to the General Assembly, when conflicts arise, only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise, our rules remain supreme." The *Bradford* court went on to hold that judgment and commitment orders are effective upon entry of record in accordance with Administrative Order No. 2, and that § 16-65-121 was superseded because it directly conflicted with our rules, our Administrative Order, and our case law. The supreme court concluded that the trial court was well within its authority to modify the sentence pronounced in

open court prior to entry of judgment as long as it complied with other pertinent criminal rules. 351 Ark. at 401–402, 94 S.W.3d at 909.

■ Following the reasoning set forth in *Bradford*, we hold that the trial court had authority to modify the sentence pronounced in open court prior to entry of judgment because the oral order was not effective until set forth in writing and filed of record. Accordingly, we affirm.

Affirmed.

GRIFFEN and ROAF, JJ., agree.