Tyrone Donald TURNER *v.* STATE of Arkansas

CA CR 03-1153 194 S.W.3d 225

Court of Appeals of Arkansas
Division III
Opinion delivered September 29, 2004

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant .

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. Tyrone Turner appeals the revocation of his probation and sentence of ten years' imprisonment. On appeal, Turner argues that (1) the trial court lacked jurisdiction to revoke because of a prior modification of his sentence, and (2) the ten-year sentence recited in the judgment and commitment order is erroneous because the trial court pronounced sentence of only one year and because it is an illegal sentence for the count of first-degree terroristic threatening. We affirm the revocation as modified to correct the illegal sentence.

On May 10, 1999, Turner pled guilty to first-degree terroristic threatening, a class D felony, third degree domestic battery, a class A misdemeanor, and felon in possession of a firearm, a class B felony. The offenses were committed on December 3, 1998. Pursuant to the plea agreement, Turner was not charged with any prior convictions. He received a five-year sentence of probation, and was ordered to complete eighty hours of community service and attend domestic abuse classes. Turner was also ordered to pay court costs and $2,000 in fines.

On November 19, 2001, the State filed the first of a series of revocation petitions. A hearing was held on March 4, 2002, in which the State's petition was dismissed, and the trial court ordered that Turner's probation continue. However, the trial court ordered Turner committed to the Pulaski County jail on fines and court costs stemming from the 1999 convictions. On March 4, 2002, the Pulaski County circuit clerk sent a "speed letter" to the Pulaski County jail, advising the jailers that the revocation petition had been dismissed, and that the trial court had ordered Turner "committed on fines and court costs."

The State filed a second petition of revocation on June 28, 2002, and a hearing was held on October 21, 2002. Initially the trial court commented, "On a plea of guilty, it'll be the judgment and sentence of the court that you pay a fine of $200 plus costs and be returned to probation." The State cautioned that if the trial court wanted to continue Turner on probation it would not be able to modify the sentence at a later date if an additional fine was assessed. The State requested that the petition be dismissed so that

the probated sentence would be subject to modification at a later date. The trial court dismissed the petition and returned Turner to his sentence of probation.

A third revocation petition was filed on January 8, 2003. The State presented evidence that Turner had failed to meet with his probation officer, failed to pay his supervision fees, and failed to perform his community service. The trial court found Turner guilty and sentenced him as follows: "All right, I find you guilty as charged. Count one, that will be ten years in the Arkansas Department of Correction. Count two, one year concurrent. Count three, one year concurrent."

 Turner first argues that the trial court lacked jurisdiction to revoke his probation pursuant to the petition filed in 2003 because the court had previously modified his probated sentence and fine in 2002. Prior to Act 1569 of 1999, a trial court lost subject matter jurisdiction to modify or amend an original sentence once it was put into execution. *Gates v. State,* 353 Ark. 333, 107 S.W.3d 868 (2003). A sentence is put into execution when the trial court issues a judgment of conviction or a commitment order. *Id.* A guilty plea, coupled with a fine and probation or a suspended imposition of a sentence, constitutes a conviction. *Id.* This conviction deprives the trial court of jurisdiction to amend or modify the executed sentence. *Id. See also* Ark. Code Ann. § 5-4-301 (Repl. 1997). Once a sentence is put into execution, an attempted modification of the original order is erroneous. *Gates, supra* (holding that the trial court lacked subject matter jurisdiction to modify the sentence originally imposed by imposing an additional term of fifteen years' suspended sentence).

In *Harmon v. State,* 317 Ark. 47, 876 S.W.2d 240 (1994), the appellant entered a guilty plea, and the trial court sentenced her to a suspended imposition of sentence of one year. The appellant was also ordered to pay a fine of $500 and court costs of $107.75 at the rate of $50 per month. Subsequently, the State filed a petition to revoke the appellant's suspended imposition of sentence. The trial court held that the appellant's suspended sentence would remain in effect, but modified the sentence by adding another $500 fine and two weeks' incarceration in the Crawford County Detention Center. On appeal, the supreme court held that the trial court lacked jurisdiction to modify the appellant's sentence once it was put into execution.

 Turner's convictions arose from offenses committed in 1998, prior to the effective date of Act 1569 of 1999. Consequently, the supreme court's holding in *Gates, supra,* is controlling, and while the trial court had jurisdiction to revoke Turner's probation, it lacked jurisdiction to modify the original sentence with respect to any of the State's petitions to revoke. Thus, the issue that this court must resolve is whether the trial court's 2002 "commitment on fines and court costs" ordered at the time the 2001 revocation petition was dismissed constitutes a modification of Turner's original sentence.

In this regard, the State argues that the trial court's commitment of Turner at the March 2002 hearing was not a modification because the trial court could have been acting pursuant to Ark. Code Ann. § 5-4-203 (Repl. 1997). The State contends that the trial court did not enter a judgment and commitment order following the March 2002 hearing and that the trial court was merely imposing a "jail-for-dollar, failure-to-pay-fine commitment of [Turner] for his failure to pay his fine and court costs." The State concedes that Turner's failure to pay his fine could have been a basis on which to revoke his probation, but contends that, because the March 2002 proceeding resulted in neither a revocation nor an additional fine, the trial court retained jurisdiction to revoke Turner's probation pursuant to the State's 2003 petition.

Arkansas Code Annotated section 5-4-203 (Repl. 1997) provides in pertinent part:

> (a)(1) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the court, upon its own motion or that of the prosecuting attorney, may require him to show cause why he should not be imprisoned for nonpayment.
>
> * * *
>
> (3)(A) Unless the defendant shows that his or her default was not attributable to a purposeful refusal to obey the sentence of the court or to a failure on his or her part to make a good faith effort to obtain the funds required for payment, the court may order the defendant imprisoned in the county jail or other authorized institution designated by the court *until the fine or costs or specified part thereof is paid.*
>
> (B) The period of imprisonment shall not exceed whichever is the shorter period:

(i) *One (1) day for each forty dollars ($40.00) of the fine or costs;*

(ii) Thirty (30) days if the fine or costs were imposed upon conviction of a misdemeanor; or

(iii) One (1) year if the fine or costs were imposed upon conviction of a felony.

(Emphasis added.)

We agree that Turner's sentence had been placed into execution when the judgment and commitment order was entered in 1999. However, we conclude that the trial court neither revoked Turner's probation nor modified his sentence by the "commitment on fines order" in the March 2002 proceeding. The proceeding was not brought pursuant to a show-cause order, and there is no evidence that the commitment was not in lieu of payment for fines assessed in connection with Turner's 1999 guilty plea, or that he did not receive credit on his fine for the days of commitment. Nor does Turner argue that he was assessed an additional fine. This case is thus readily distinguished from *Harmon, supra*, in which the trial court clearly modified the appellant's sentence by both adding an additional fine and imposing two weeks incarceration. Moreover, the record reflects that both of the first two petitions for revocation were dismissed prior to the third revocation proceeding in which Turner's probation was revoked.

Turner also argues that the judgment and commitment order reflects an illegal sentence on the terroristic threatening conviction. It is well settled that a challenge to an illegal sentence may be raised for the first time on appeal. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). Further, the issue of an illegal sentence is an issue of subject matter jurisdiction, which this court can raise *sua sponte*. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

> A sentence is void or illegal when the trial court lacks the authority to impose it. Sentencing in Arkansas is entirely a matter of statute . . . We have consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of a crime. Where the law does not authorize the particular sentence pronounced by the trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded.

*State v. Fountain*, 350 Ark. 437, 440, 88 S.W.3d 411, 413 (2002) (citations omitted).

■ In order to construe judgments, we look for the trial court's intention, which is derived from the judgment and the record. *Timmons v. State*, 81 Ark. App. 219, 100 S.W.3d 52 (2003). Inconsistencies between the judgments entered and the record of the proceeding are resolved in favor of the trial record. *Id.* When there is a conflict between the trial court's oral pronouncement and the recitation on the face of the judgment, the oral pronouncement governs. *Carmichael v. State*, 296 Ark. 479, 757 S.W.2d 944 (1988).

■ Sentencing is entirely a matter for the Legislature. *State v. Pinell*, 353 Ark. 129, 114 S.W.3d 175 (2003). Our courts are strictly bound by the terms and sentences enacted by the General Assembly. *Id.* A trial court has jurisdiction to correct an illegal sentence even if it has been placed into execution. *Harness, supra.* However, if this court finds that a trial court's sentence was illegal and that the court's error is not related to guilt, but only relates to the illegal sentence, this court can correct the sentence in lieu of remanding. *Id.*

In this case, the judgment and commitment order of June 30, 2003, provides for a ten-year sentence of imprisonment for the felon in possession of a firearm conviction, a class B felony.[1] It also reflects a ten-year sentence of imprisonment for the first-degree terroristic threatening conviction, a Class D felony.[2] Arkansas Code Annotated section 5-4-401 outlines sentencing ranges, and provides that the authorized sentence range for a class B felony is five to twenty years. Ark. Code Ann. § 5-4-401 (Repl. 1997). The authorized sentence range for a class D felony is up to six years. *Id.*

■ The trial court was not authorized to impose a ten year sentence for the first-degree terroristic-threatening conviction, which is a class D felony and punishable by a maximum sentence of six years' imprisonment,[3] and Turner thus received an illegal

---

[1] *See* Ark. Code Ann. § 5-73-103 (Repl. 1997).

[2] *See* Ark. Code Ann. § 5-13-301 (Repl. 1997).

[3] Turner's conviction was not subject to the sentence enhancement provision of Ark. Code Ann. § 5-4-401 because his plea agreement indicates that he is not being charged with having any prior convictions.

sentence. Moreover, a review of the trial record shows that the trial court pronounced a one-year sentence for the first-degree terroristic threatening conviction. At the conclusion of the revocation hearing the trial court stated that as to count two,[4] Turner was sentenced to "one year concurrent." The oral pronouncement of the trial court governs. Because the error in the judgment and commitment order constitutes an illegal sentence, we correct the error to reflect a sentence of one year for the terroristic-threatening conviction, to be served concurrently with the ten-year sentence imposed for the felon-in-possession conviction.

Affirmed as modified.

BIRD and CRABTREE, JJ., agree.

---

[4] Apparently, the trial court was referring to the State's information. Count one is listed as felon in possession. Count two is listed as terroristic threatening, and count three is listed as domestic battery. Count four charges that Turner is a habitual offender, but the plea agreement specifically stated that Turner was not being charged as a habitual offender.