Lester J. BUSH and George E. Jones  *v.*  STATE of Arkansas

CA CR 04-775                                          206 S.W.3d 268

Court of Appeals of Arkansas
Opinion delivered April 6, 2005

*William R. Simpson, Jr.*, Public Defender, *Brandy Turner*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellee.

*Mike Beebe*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellants Lester J. Bush and George E. Jones were convicted of breaking or entering and theft of property after a bench trial in Pulaski County Circuit Court. The trial court entered judgments of conviction sentencing them both to three years of probation for breaking or entering and one year of probation for theft of property to be served concurrently. Appellants appeal, arguing two points: (1) that there is insufficient evidence to support the misdemeanor theft convictions, and (2) that the one-year probationary sentences are illegal. Appellants do not challenge their convictions or probationary sentences with regard to the felony of breaking or entering. We affirm.

We will address appellant's sufficiency argument first. A motion for directed verdict is a challenge to the sufficiency of the evidence. *Breedlove v. State*, 62 Ark. App. 219, 970 S.W.2d 313 (1998). This court affirms the conviction if it is supported by substantial evidence. *Wilson v. State*, 56 Ark. App. 47, 939 S.W.2d 313 (1997). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998). Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Wilson v. State*, 332 Ark. 7, 962 S.W.2d 805 (1998). We do not, however, weigh the evidence presented at trial, as that is a matter for the fact finder; nor will we weigh the credibility of the witnesses. *Id.* Only the evidence supporting the verdict will be considered. *Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998).

Appellants were charged with burglarizing the residence of Allen Tandy and taking a table from the residence. The evidence presented at this bench trial, viewed in the light most favorable to the State, is as follows. The prosecutor first called Debbie L. McCauley to the stand, who testified that she lived at 1312 Division Street in North Little Rock, Arkansas. McCauley stated that the garage apartment at 1315½ Franklin Street was visible from her residence. On July 29, 2003, McCauley said that she heard constant dog barking, and when she went to see what was happening, she saw three black males leave a nearby house walking toward the lower level of the garage apartment. She saw them use a stick to pry open the security door and then kick open the wooden door behind it. All three males entered. The three men then came out carrying a four-chair dining table, which they carried back to the house from whence they came and placed it on the screened-in back porch. McCauley called the police. McCauley positively identified appellants as two of the three males she saw that day. She knew Lester Bush's name because he lived next to her, and she knew George Jones's first name.

Police officer Mark Stephen testified as well, confirming that he responded to McCauley's phone call, and he observed that the security door had been pried open and that the wooden door was kicked in. Officer Stephen went to the residence next door to McCauley upon her suggestion and made contact with three males matching McCauley's description; he also observed a brown wooden kitchen table on the back porch. McCauley was asked by

the police to look outside and identify the men, which she did. When asked by the police where each of them lived, the three men each gave a separate home address, none of which was the house where they were found or the garage apartment. Upon being asked about the table, they claimed that they owned it and had for many years.

Appellants moved for directed verdicts on the theft charge, in part because the State failed to present any testimony by the owner of the table. The trial court denied the motions. Appellants then called Martha Neeley, appellant Jones's fiancé, to the stand. Neeley stated that appellant Lester Bush is Jones's cousin. Neeley agreed that she was present on the day appellants were arrested, stating that this was all a big misunderstanding. Neeley said it was her idea to move the table from the vacant garage apartment so that they could have a table on the porch for playing dominoes. She believed that the table had been outside the vacant apartment for at least three years, though she agreed that the table did not belong to her or the appellants. Neeley maintained that while no one had permission to go inside the apartment, she believed no one did. Neeley ended her testimony by saying, "Nobody knows where the owners are, not even y'all [the State]."

Appellants renewed their motions for directed verdict, specifically challenging the fact that the State did not present any evidence of ownership. The trial court denied those motions, finding both appellants guilty of breaking or entering and theft of property.

We hold that there is sufficient evidence to support the convictions for theft of property. Arkansas Code Annotated section 5-36-103(a)(1) (Repl. 2003) provides in relevant part that theft of property is committed by knowingly taking or exercising unauthorized control over the property of another person, with the purpose of depriving the owner thereof. Appellants raise the issue of ownership again on appeal, asserting that there is insufficient evidence to support their convictions without proof of ownership or a rightful claim to the table. We disagree.

Arkansas Code Annotated section 5-36-101(8) (Supp. 2003) provides a definition of "property of another person," and it states in relevant part that it is "any property in which any person or government other than the actor has a possessory or proprietary interest." Appellants assert that there can be no theft of abandoned property, citing to out-of-state cases for that proposition. Appellants do not persuade.

■ Appellants through their own witness established that they took this table from a neighboring apartment for their own use. Their witness, Ms. Neeley, agreed that none of them owned it. Ms. Neeley testified further that there was an owner, though no one knew where the owner was. Thus, both the direct and circumstantial evidence support the finding that (1) appellants knowingly took the table with the purpose of making it or using it as their own game table, and (2) appellants had no possessory or proprietary interest in the table at the time it was taken from the garage apartment. This meets the State's burden to demonstrate purposeful taking of property in which someone or some entity "other than the actor" had an interest. We cannot say that the trial court erred in refusing to direct a verdict because the evidence excluded every other reasonable conclusion but the guilt of the accused.

■ We next consider the challenge by the appellants to the legality of the one-year probationary sentences they received for theft of property because they were not pronounced from the bench but later appeared in the judgments of conviction. While this challenge was not made at the trial level, we may consider this point because illegality of a sentence can be raised for the first time on appeal. *See Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002).

We first examine what transpired at the conclusion of this bench trial. The trial judge announced that he found both defendants guilty of breaking or entering as well as theft of property. Thereupon, the judge informed them that he was about to pronounce sentence and repeated that he found them "both guilty, as I said, sentence you to three years' probation" with additional conditions not relevant to this appeal. When the judgments were filed, they reflected judgments of convictions on both counts for both defendants, with three years of probation for the felony breaking or entering and with one year of probation for the misdemeanor theft.

Citing to our decision in *Turner v. State*, 88 Ark. App. 40, 194 S.W.3d 225 (2004), appellants argue that, because the only valid sentence imposed on a criminal defendant is the sentence pronounced from the bench in open court, the trial judge had no authority to increase their sentences on the misdemeanor from no punishment to one year of probation. Consequently, they assert that the subsequent judgment and commitment order entered

against each of them is illegal because it is at variance with the sentence pronounced in open court.

Appellants' argument is unavailing. Our supreme court recently addressed this issue in *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003):

> We hold that with respect to judgment and commitment orders, they are effective upon entry of record in accordance with our Administrative Order No. 2. . . . Thus, the trial court was well within its authority to modify the sentence pronounced in open court prior to entry of judgment as long as it complied with other pertinent criminal rules.

*Id.* at 401–402, 94 S.W.3d at 909. *See also Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997).

■ More recently we also addressed this issue in *Hankins v. State*, 84 Ark. App. 370, 141 S.W.3d 905 (2004). We ruled in accordance with *Bradford* and held "that the trial court had authority to modify the sentence pronounced in open court prior to entry of judgment because the oral order was not effective until set forth in writing and filed of record." *Id.* at 373, 141 S.W.3d at 907. Consequently, in the case at bar, the trial court was not precluded from entering the judgment and commitment order sentencing appellants to one year probation on their theft of property convictions. To the extent that *Turner v. State, supra,* is inconsistent with this opinion, *Turner* is expressly overruled.

We affirm.

PITTMAN, C.J., GLADWIN, GRIFFEN, NEAL, and BAKER, JJ., agree.