2010 Ark. App. 525

**James O. WILLIAMS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1412.**

Court of Appeals of Arkansas.

July 1, 2009.

J. Brent Standridge, Benton, AR, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

The appellant, James O. Williams, appeals the Saline County Circuit Court's August 6, 2008 dismissal of his appeal from a November 15, 2007 Saline County District Court conviction on charges of Driving While Intoxicated 3rd Offense, Care-

less & Prohibited Driving, and Disorderly Conduct. Subsequent to appellant's conviction, for which he was fined $2,205 and sentenced to ninety days in jail for the DWI–3rd conviction, he filed a notice of appeal to the Saline County Circuit Court on December 14, 2007. He filed the district-court transcript with the circuit clerk on December 21, 2007.

The State filed a motion to dismiss the appeal on June 3, 2008, on the basis that the thirty-day deadline for filing the certified copy of the district-court transcript required by ⌊2Rule 36(b)–(d) (2008) of the Arkansas Rules of Criminal Procedure had expired prior to appellant's filing thereof. Pursuant to Rule 36, the transcript had to have been filed on or before December 17, 2007,[1] which was thirty days after the entry of the district-court judgment.

A hearing on the State's motion to dismiss appellant's appeal was held before the circuit court on August 4, 2008. At the conclusion of the hearing, the circuit judge indicated that the circuit court lacked jurisdiction based upon appellant's failure to timely perfect his appeal. An order dismissing the appeal and remanding the case back to district court for enforcement of the previous judgment was filed on August 6, 2008. An order declaring appellant indigent and appointing counsel for purposes of appeal was entered by the circuit court on August 29, 2008, and a timely notice of appeal was filed on that same day.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) (2009) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided ⌊2appellant with a copy of his counsel's brief and notified him of his right to file a *pro se* statement of points for reversal within thirty days. He filed three *pro se* points, and as a consequence, the State Attorney General filed a brief in response, as required by Arkansas Supreme Court Rule 4–3(k), in which it concurs that appellant's appeal is without merit.

As this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *See Anders, supra*; Ark. Sup.Ct. R. 4–3(k)(1); *Eads v. State*, 74 Ark.App. 363, 47 S.W.3d 918 (2001). The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Anders, supra; Eads, supra*. Pursuant to *Anders*, we are required to make a determination of whether the case is wholly frivolous after a full examination of all the proceedings. *Anders, supra; Eads, supra*.

Counsel submits that the only adverse ruling is the circuit court's granting of the State's motion to dismiss the appeal from district court to circuit court. The basis for the circuit court's ruling was that the district-court transcript was not filed with the circuit-court clerk within thirty days of the entry of the district-court judgment. Appellant's counsel explains that, while it is unclear why there was a delay in the

---

1. Appellant's filing period began to run on Thursday, November 16, 2007. The thirtieth day thereafter fell on Saturday, December 15, 2007. Accordingly, the deadline for filing was the following business day, Monday, December 17, 2007.

filing of the district-court transcript, it is undisputed that it was not filed within the time period prescribed by Arkansas Rule of Criminal Procedure 36.

The filing requirement of Rule 36 is strictly enforced and is jurisdictional in nature. Counsel cites *Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989), for the proposition that the untimely filing of the district-court transcript can be raised at any time and that there is no provision permitting a belated appeal of a case from district court to circuit court. Rule 36(d) provides for a motion for rule-on-the-clerk type procedure through which a defendant may preserve his right to appeal in the event the district-court clerk acts unreasonably in not preparing the record or the circuit-court clerk acts unreasonably in not accepting the record; however, appellant failed to follow that procedure in this instance.

Interestingly, the circuit judge in this case specifically noted that he previously had been reversed for failing to grant the State's motion for relief requesting dismissal of a district-court appeal that had not been timely filed. *See State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001). Appellant's counsel points out that there has been no material change in the law concerning the strict jurisdictional time requirement for filing an appeal transcript since *Dawson* and the authority cited therein were rendered. *See McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006). Accordingly, he submits that the appeal should be found to be without merit and his motion to withdraw as counsel concerning this case be granted.

Regarding appellant's *pro se* points, he first argues that the testimony of a police officer who testified at his trial in district court was not credible. The State correctly acknowledges that there is no verbatim transcript of the district-court proceeding, so the content of the police officer's testimony is unknown. Moreover, this appeal is from the order dismissing appellant's appeal to circuit court rather than from his conviction in district court. The police officer's credibility was not an issue in the dismissal of the appeal and is not at issue before this court. Finally, weighing the evidence and assessing the credibility of witnesses are matters for the fact-finder. *Bush v. State*, 90 Ark.App. 373, 206 S.W.3d 268 (2005). As such, it was for the district judge to determine the credibility of the witnesses that testified at the trial, and not for this court to decide on appeal.

For his second *pro se* point, appellant claims that his attorney visited with him only one time regarding the case. The State contends, and we agree, that if his argument is to be construed as a claim of ineffective assistance of counsel, that issue was never presented to the circuit court. Accordingly, this court will not consider it for the first time on appeal. *Taylor v. State*, 94 Ark.App. 21, 223 S.W.3d 80 (2006).

Finally, appellant claims that his failure to timely file the district-court transcript was due to the inaction of the circuit clerk's office—specifically, that the clerk refused to stay and complete her job on the day he attempted to timely file the district-court transcript. Rule 36 expressly provides that it is a defendant's burden to ensure that his appeal is perfected in a timely manner. The State cites *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994), in which our supreme court held that the accused's timely filing of the district-court transcript under District Court Rule 9 is required to perfect an appeal to circuit court, and not simply the filing of a notice of appeal. Rule 36(d) allows a defendant to timely file an affidavit with the circuit

clerk if the district-court clerk fails to prepare and certify the district-court transcript in a timely manner. Additionally, Rule 36(h)(ii) provides that the circuit court may affirm the judgment of the district court if the clerk of the district court fails to prepare and certify a record for filing in the circuit court as provided in subsection (c) of the rule and the defendant fails to move the circuit court for an order to compel the filing of the record within thirty days after filing the affidavit provided in subsection (d) of the rule. Because appellant failed to perfect his appeal to the circuit court in a timely manner, the circuit court properly determined that it did not have jurisdiction to try appellant's case *de novo*.

From our review of the record and the briefs presented to us, we find compliance with Rule 4–3(k), and hold that the appeal is without merit. Accordingly, counsel's motion to be relieved is granted, and the order dismissing the appeal from district court to circuit court is affirmed.

Affirmed; motion to be relieved granted.

VAUGHT, C.J., and PITTMAN, J., agree.