2010 Ark. App. 270

**Antonio HUNT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1047.**

Court of Appeals of Arkansas.

March 31, 2010.

Caroline Lowry Winningham, Brazil, Adlong, Winningham & Mickel, Conway, for Appellant.

Pamela A. Rumpz, Atty. Gen., for Appellee.

ROBERT J. GLADWIN, Judge.

Appellant Antonio Hunt appeals his May 27, 2009 conviction by a Lonoke County Circuit Court jury on charges of residential burglary and theft of property, for which he was sentenced as an habitual offender to two thirty-year terms of imprisonment in the Arkansas Department of Correction to be run consecutively. On appeal, appellant challenges the sufficiency of the evidence to support the conviction. We affirm.

### Facts

On January 12, 2009, Michael Krablin returned to his house in Lonoke County at approximately 4:20 p.m. and discovered that his house had been burglarized. The perpetrators forcibly entered the residence, caused significant damage to the interior of the house, and stole a Nintendo Wii game system and various accessories, CDs, DVDs, a video camera, and a fireproof safe containing various documents including vehicle titles, tax papers, social-security cards, bank statements, and a marriage license. Mr. Krablin telephoned authorities, and Deputy Jared Turner from

the Lonoke County Sheriffs Office responded at approximately 4:45 p.m. While there, Deputy Turner received a call from Deputy Dale Sipes of the Pulaski County Sheriff's Office, at which time he was informed that officers had caught the perpetrators and located some of the stolen items. Deputy Turner and Mr. Krablin drove to the reported location where they found all the electronic equipment as well as the safe. The perpetrators had broken into the safe and were in the process of burning the papers when they were apprehended. Mr. Krablin was able to identify the papers because the names still could be made out on some of them.

Pulaski County deputies detained the three male individuals, including appellant, on a dead-end road in the McAlmont area of Little Rock, Arkansas, at approximately 5:09 p.m. They noticed a car parked at the end of the street, with two males standing outside the car near a fire, and appellant sitting in the driver's seat of the vehicle. The fire was near an open safe and was being used to burn the various documents taken from Mr. Krablin's house. All the other stolen items were located inside the vehicle in which appellant was sitting.

Upon returning the stolen items to Mr. Krablin later the same evening, Deputy Turner discovered a videotape in the video camera that appeared to be footage that was shot from the perpetrators' vehicle of a direct route from Mr. Krablin's house to the McAlmont area where the items and perpetrators were apprehended. The date and time on the video corresponded with the date and approximate time that the break-in occurred; however, none of the individuals arrested were seen on the video footage. Deputy Turner kept the videotape as possible evidence.

Captain Steve Finch of the Lonoke County Sheriff's Department processed appellant on January 14, 2009, including Mirandizing and interviewing him. Captain Finch showed appellant the video recording, and appellant acknowledged that it was his voice that was heard on the audio portion of the tape. He also indicated that he had driven the car to the Krablin residence and that the other two individuals went inside the house and brought the items that were stolen back to the car. He also acknowledged that after the items had been put into the car, the three of them drove to the McAlmont area where they were eventually apprehended. The interview, which lasted approximately forty minutes, was not recorded by Captain Finch. Prior to the interview with Captain Finch, appellant made a contradictory statement to law-enforcement officials, indicating that he had obtained the stolen property by purchasing it from someone.

The State filed a criminal information on February 4, 2009, alleging that appellant committed the offense of residential burglary, a Class B felony, in violation of Arkansas Code Annotated section 5–39–201 (Repl.2006), theft of property of $2,500 or more, a Class B felony, in violation of Arkansas Code Annotated section 5–36–103 (Repl.2006), and that he was subject to a sentence enhancement as an habitual offender, pursuant to Arkansas Code Annotated section 5–4–501 (Repl.2006).

A jury trial was held on May 27, 2009, at which time Mr. Krablin, Deputy Sipes, Deputy Turner, and Captain Finch testified for the State. After the State rested, appellant's counsel moved for a directed verdict, arguing that the State failed to present sufficient evidence to prove that he was actually an accomplice and aided anyone else in the burglary or that he actually entered the residence with the purpose of committing an offense punishable by imprisonment. The circuit court denied the motion. The defense rested without presenting any additional evidence

and renewed the motion for directed verdict. The motion was again denied. The jury returned guilty verdicts on both charges, and the resulting judgment and commitment order was filed on May 27, 2009. Appellant filed a timely notice of appeal on June 24, 2009, and this appeal followed.

## Standard of Review

A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Coggin v. State,* 356 Ark. 424, 156 S.W.3d 712 (2004). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* On appeal, we view the evidence in the light most favorable to the State, considering only that evidence that supports the verdict. *Id.*

Weighing the evidence and assessing the credibility of the witnesses are matters for the fact-finder. *Bush v. State,* 90 Ark.App. 373, 206 S.W.3d 268 (2005). The jury is free to believe all or part of any witness's testimony and resolves questions of conflicting testimony and inconsistent evidence. *See Gikonyo v. State,* 102 Ark.App. 223, 283 S.W.3d 631 (2008). Reconciling conflicts in the testimony and weighing the evidence are matters within the exclusive province of the jury. *See Mitchem v. State,* 96 Ark.App. 78, 238 S.W.3d 623 (2006).

## Discussion

Arkansas Code Annotated section 5–39–201(a)(1) provides that a person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Arkansas Code Annotated section 5–36–103(a)(1) provides that a person commits theft of property if he or she knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner of the property.

Appellant does not dispute that Mr. Krablin's residence was burglarized or that property was taken from it. Instead, he asserts that the evidence is insufficient to prove that he acted as an accomplice to the burglary and theft. Arkansas Code Annotated section 5–2–402(2) (Repl.2006) covers liability for another's conduct, and provides that a person is criminally liable for the conduct of another person if the person is an accomplice of another person in the commission of an offense. He references Arkansas Code Annotated section 5–2–403(a) (Repl.2006), which defines "accomplice" as follows:

(a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, the person:

(1) Solicits, advises, encourages, or coerces the other person to commit the offense;

(2) Aids, agrees to aid, or attempts to aid the other person in planning or committing the offense; or

(3) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to prevent the commission of the offense.

*See also Navarro v. State,* 371 Ark. 179, 264 S.W.3d 530 (2007) (holding that when two people assist one another in the commission of a crime, each is an accomplice

and criminally liable for the conduct of both). Appellant submits that in order for him to be an accomplice, he must take some part, perform some act, or owe some duty to the person in danger that makes it incumbent on him to prevent the commission of the crime. *See Gilcrease v. State,* 2009 Ark. 298, 318 S.W.3d 70. Mere presence, acquiescence, or silence, in the absence of the duty to act, is not enough, however reprehensible it may be, to constitute one an accomplice. *Id.*

▮ Appellant argues that there is simply not enough evidence to support a finding that he committed the crimes of residential burglary and theft of property. He claims that there is no evidence that he ever entered the Krablin residence, and he asserts that simply being found in possession of the stolen property is not sufficient to establish that he committed either burglary or theft of property. Additionally, he maintains that there is no evidence that he ever acted with the purpose of promoting or facilitating the offenses of residential burglary or theft as required for accomplice liability.

With regard to the statement he made to Captain Finch two days after the incident, appellant claims that he merely stated that he was driving the vehicle when his passengers entered the Krablin residence. Again, he contends that his mere presence is insufficient to support the convictions for residential burglary and theft of property.

We disagree and hold that appellant's argument is without merit. When viewed in the light most favorable to the State, the evidence presented at trial established the following: (1) appellant admitted that he drove the other two individuals to the Krablin house on the date of the burglary; (2) appellant acknowledged that he remained in the car while the other two men entered the house and then returned to the car with a video camera, a safe, numerous DVDs and CDs, and a Wii gaming system and accessories; (3) appellant admitted to driving with the other two individuals, and the stolen items, from Lonoke County back to Pulaski County, where they were apprehended in possession of the stolen items.

Although appellant contends that his statement to Captain Finch is not persuasive because it was not recorded and because he only admitted to being present at the time the other two individuals entered the residence, we note that appellant also admitted to being present when those individuals brought the stolen items back to the vehicle and to driving back to Pulaski County with the individuals and the stolen goods. Captain Finch also testified that appellant acknowledged that it was his voice on the audio portion of the recording, although the State acknowledges that the recording was actually played for the jury without sound.

Testimony from the other law-enforcement officers established that very shortly after the burglary occurred, appellant and two other individuals were apprehended by police in or near a car with all the items that had been stolen. The stolen video camera had been used to film a "back roads" route from the Krablin's residence to the site where appellant, the vehicle, and the stolen property were found. Deputy Turner specifically testified that the car in the videotape was the same one in which appellant and the stolen property had been found and that the date and time on the recording corresponded with the date and time of the burglary and theft.

▮ It is beyond question that the jury was free to consider appellant's confession, through the testimony of Captain Finch, and give it whatever weight they felt was appropriate. *Leach v. State,* 38

Ark.App. 117, 831 S.W.2d 615 (1992). Moreover, the presence of an accused in the proximity of a crime, opportunity, and association with a person—or persons—involved in a crime in a manner suggestive of joint participation are relevant factors in determining the connection of an accomplice with the crime. *Westbrook v. State,* 2009 Ark.App. 723, 2009 WL 3644215. Additionally, possession of recently stolen property coupled with proof of an accused's proximity to the crime constitutes substantial evidence of the crime of burglary. *Daniels v. State,* 308 Ark. 53, 821 S.W.2d 778 (1992) (holding that possession of stolen property is proper circumstance to consider in determining whether there was evidence tending to connect defendant with crimes of burglary and grand larceny).

The State maintains that appellant's admission that he drove to Mr. Krablin's house, was present when his accomplices entered the house and returned to the car with stolen property is, standing alone, sufficient evidence of his guilt. When coupled with his possession of *all* of the stolen goods at a time almost immediately after the burglary and in an area in close proximity to the burglary, it is apparent that the circuit court committed no error in denying appellant's motion for directed verdict. Accordingly, we affirm.

Affirmed.

BROWN, J., agrees.

HART, J., concurs.

HART, J., concurring.

I agree that this case must be affirmed, but I write separately to set forth my basis for so holding. The appellant is simply wrong when he asserts, in essence, that to be an accomplice, his participation must be substantially similar to that of his codefendants. This is not the law.

As the majority correctly notes, our criminal code, in pertinent part, imposes accomplice liability on a person who "aids, agrees to aid, or attempts to aid the other person in planning or committing the offense." Ark.Code Ann. § 5–2–403(a)(2) (Repl.2006). By proving that appellant drove his codefendants to the house that they burglarized and transported them and the stolen property away from the house, the State established that appellant was aiding them in committing the offense. *Barber v. State,* 2010 Ark.App. 210, 374 S.W.3d 709.