# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–164

| | | |
|---|---|---|
| CHRISTOPHER CLARK | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–2012-68-1] |
| STATE OF ARKANSAS | | HONORABLE BERLIN C. JONES, JUDGE |
| | APPELLEE | |
| | | REMANDED TO SUPPLEMENT RECORD; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## BILL H. WALMSLEY, Judge

A Jefferson County jury found Christopher Clark guilty of aggravated robbery, and he was sentenced as a habitual offender to an aggregate term of twenty years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, defense counsel has filed a motion to withdraw on the basis that there is no merit to an appeal.[1] His motion was accompanied by a brief that purports to address all rulings that were adverse to Clark with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Clark has filed pro se points for reversal, to which the State has responded. We deny counsel's motion at this time

---

[1]While defense counsel cited *Anders* in his motion to withdraw, he did not cite Rule 4–3(k). Defense counsel cited neither *Anders* nor Rule 4–3(k) in his brief. *See Hollins v. State*, 2013 Ark. App. 695 (ordering rebriefing in compliance with standard of review relating to no-merit appeals, including a citation to *Anders* in the argument portion of brief).

and order rebriefing. We further remand for supplementation of the record.

The record must be supplemented in several respects before defense counsel submits a substituted brief. Although defense counsel addresses the denial of Clark's motion to suppress as an adverse ruling, a transcript of the suppression hearing held on October 23, 2012, was not included in the record. Arkansas Supreme Court Administrative Order No. 4 provides that, "[u]nless waived on the record by the parties, it shall be the duty of the circuit court to require that a verbatim record be made of all proceedings . . . pertaining to any contested matter before the court or the jury." In the absence of a complete record, this court cannot conduct a thorough review and therefore remands for supplementation of the record. *See Kimmel v. State*, 2012 Ark. App. 70. Defense counsel must then provide this court with the abstracted testimony from the suppression hearing.

Also, a surveillance video from the gas station that was robbed was played at trial, yet it was not included with the record. We remand for the record to be supplemented with this exhibit. *See Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). Defense counsel must then include the video in his addendum.

Next, although it appears in the record, defense counsel failed to include a verdict form in his addendum. The addendum contains a verdict form concerning Clark's sentence enhancement for use of a firearm in the commission of the offense, but defense counsel failed to include the verdict form indicating that Clark received fifteen years' imprisonment for aggravated robbery. Without the verdict form, we are unable to conduct a full examination of the record. *See Burris v. State*, 2012 Ark. App. 43. Defense counsel is ordered to include the

verdict form in the addendum of his substituted brief.

With regard to the argument section of defense counsel's brief, at the close of the State's case-in-chief, trial counsel stated that the "prima facie evidence of the case has not been made for attempted murder in the first degree nor for aggravated robbery." At the close of all of the evidence, trial counsel renewed his directed-verdict motion and added that the evidence "has been refuted by direct testimony, testimony that has not been deemed in any way not credible and has not been in any way not bound."

Rule 33.1(a) of the Arkansas Rules of Criminal Procedure provides that a motion for directed verdict "shall state the specific grounds therefor." Subsection (c) notes that a directed-verdict motion must specify in what respect the evidence is deficient; that a motion merely stating that the evidence is insufficient does not preserve issues relating to a specific deficiency; and that failure to challenge the sufficiency of the evidence in the manner required by subsection (a) constitutes a waiver of any question as to the sufficiency of the evidence. *See Malone v. State*, 2012 Ark. App. 280 (holding that a general motion that State failed to prove its case is inadequate to preserve issue for appeal).

Instead of arguing that the sufficiency of the evidence was not preserved for review, defense counsel summarized testimony from the State's witnesses and asserted that the trial court was correct in not granting the directed-verdict motions.[2] Assuming that the issue was preserved for appeal, although defense counsel otherwise cited the proper standard of review

---

[2]The test for determining when an *Anders* brief may be filed is not whether counsel thinks that the trial court committed no reversible error but whether the points on appeal would be wholly frivolous. *Williams v. State*, 2010 Ark. App. 525, 334 S.W.3d 873 (2009).

for challenges to the sufficiency of the evidence, he made no mention of the fact that the jury determines the credibility of witnesses,[3] which is the only aspect of trial counsel's directed-verdict motion that arguably could have been preserved.

Further, the trial court denied trial counsel's request to instruct the jury on first-degree terroristic threatening on the basis that it is not a lesser-included offense of attempted first-degree murder. Defense counsel, however, did not address this adverse ruling by pointing out that there could be no prejudice given that the jury later acquitted Clark of attempted first-degree murder. We also note that defense counsel's discussion of some of the other adverse rulings is troublesome because it contains no explanation as to why the ruling presents no meritorious basis for reversal. Defense counsel sets forth the substance of an adverse ruling and recites the standard of review, but the analysis simply ends there. This court requires a full and adequate explanation as to why each adverse ruling cannot support a merit appeal. *Dorsey v. State*, 2011 Ark. App. 368.

We conclude that defense counsel's brief fails to comply with Rule 4–3(k) and thus order rebriefing. We encourage counsel to carefully examine the record and review our rules before resubmitting an *Anders* brief. We remand for supplementation of the record within thirty days from the date of this opinion. Defense counsel will then have fifteen days to file a substituted brief correcting any deficiencies, not limited to those listed above. Upon the filing of defense counsel's substituted brief, the State will be afforded an opportunity to revise

---

[3]Credibility determinations are the province of the jury, and we will not disturb them on appeal when there is substantial evidence to support the jury's verdict. *Green v. State*, 2012 Ark. App. 158.

or supplement its brief in the time prescribed by the clerk.

Remanded to supplement record; rebriefing ordered; motion to withdraw denied.

GLOVER and VAUGHT, JJ., agree.

*Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.