SLIP OPINION

Cite as 2015 Ark. App. 618

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-15-187

| | | |
|---|---|---|
| TONI JOHNSON | | **OPINION DELIVERED** NOVEMBER 4, 2015 |
| | APPELLANT | APPEAL FROM THE DALLAS COUNTY CIRCUIT COURT [NO. CR-2013-63-4] |
| V. | | |
| | | HONORABLE ROBIN J. CARROLL, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | APPEAL DISMISSED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Toni Johnson appeals from the October 8, 2014 order entered by the Dallas County Circuit Court. Appellant argues that the circuit court erred in dismissing her appeal from district court as untimely. We likewise dismiss the appeal for lack of jurisdiction.

On March 19, 2013, the Sparkman District Court entered a mutual no-contact order in cases styled *State of Arkansas v. Patrick Weisse*, ordering Weisse and appellant—who was identified as the victim—to have no direct or indirect contact with one another for a year. On March 21, 2013, appellant was cited for a violation of the order. On June 13, 2013, appellant was cited for disorderly conduct and for violating the no-contact order. On June 18, 2013, appellant appeared in the Sparkman District Court and entered a plea of guilty to both the March 21 and June 13 citations. On August 14, 2013, appellant was again cited for violation of the no-contact order. Appellant entered a no-contest plea to that violation in the Sparkman District Court on August 20, 2013.

It is undisputed that appellant did not file the appropriate district-court record within thirty days of any of the previously referenced district-court judgments as required by Arkansas Rule of Criminal Procedure 36 (2013). On September 30, 2013, however, appellant filed a motion to vacate the convictions. That motion alleged that "[a]ll orders arising from violations of a No Contact Order where [appellant] was not a defendant are void ab initio." The State responded to that motion on October 30, 2013. On November 14, 2013, the district court held a hearing in which it lifted the no-contact order but denied appellant's motion to vacate. On December 13, 2013, appellant filed the district-court record from the November 14, 2013 hearing, along with a notice of appeal, with the circuit clerk. The notice of appeal states that appellant intended to appeal "the Judgment in favor of the State of Arkansas entered . . . on November 14, 2013[,]" and does not mention the district court's judgments of June 18 and August 20, 2013.

The State subsequently filed a motion to dismiss appellant's appeal, arguing that appellant had not filed a notice of appeal from any of her three district-court convictions within the thirty-day period from entry of judgment imposed by Rule 36(b) and that the filing of her subsequent motion to vacate did not extend the time to appeal. Appellant responded and maintained that she was not required to file a timely notice of appeal pursuant to Rule 36(b) because the district court lacked jurisdiction to enter the original no-contact order. She further urged that her response brief to the State's motion to dismiss be considered a motion to correct an illegal sentence. After a hearing, the circuit court granted the State's

motion to dismiss in an order filed on October 8, 2014. Appellant filed a notice of appeal from that order on November 7, 2014.

We hold that the circuit court correctly ruled that it lacked jurisdiction to hear appellant's untimely appeal from the district court to the circuit court, and further, that the circuit court's lack of jurisdiction means that this court also lacks jurisdiction to hear the appeal. Arkansas Rule of Criminal Procedure 36 governs appeals from district court to circuit court, and it requires the defendant to perfect an appeal by filing, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court, within thirty days after entry of the district-court judgment. *See* Ark. R. Crim. Pro. 36(b), (c). It is well established that [t]he thirty-day filing requirement of Rule 36 is strictly enforced and is jurisdictional in nature." *Risner v. State*, 2011 Ark. App. 549, at 6. Because a defendant's failure to properly perfect his or her appeal from district court to circuit court deprives the circuit court of jurisdiction, the appellate court likewise lacks jurisdiction to entertain any further appeal from circuit court. *Williams v. State*, 2010 Ark. App. 525, 334 S.W.3d 873. Under these legal standards, the circuit court properly granted the State's motion to dismiss appellant's appeal from district court, and this appeal should also be dismissed. *Id*.

Appellant's argument that the Sparkman District Court lacked jurisdiction under Arkansas Code Annotated section 16-85-714 (Supp. 2011) to order her, the victim of a crime, not to have contact with the perpetrator, the defendant, Mr. Weisse, does not change our analysis. Appellant's argument has no bearing on the district court's jurisdiction to enter

3

an order. Amendment 80 vested the district courts with full subject–matter jurisdiction—concurrent with the circuit courts—over misdemeanor cases. Ark. Const. amend. 80, § 7(b).

Appeal dismissed.

HARRISON and GRUBER, JJ., agree.

*The Mathis Law Firm*, by: *Winson C. Mathis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.