Cite as 2020 Ark. App. 561

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–20–351

| | | |
|---|---|---|
| | | **Opinion Delivered:** December 9, 2020 |
| NICHOLAS GRUBER | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-17-714] |
| | APPELLANT | |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JASON ASHLEY PARKER, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED |

**PHILLIP T. WHITEAKER, Judge**

Nicholas Gruber appeals a Lonoke County Circuit Court order dismissing his appeal of a misdemeanor criminal trespass conviction. Because his appeal to the circuit court was not timely filed, we lack jurisdiction and dismiss his appeal.

In June 2017, Gruber was convicted of misdemeanor criminal trespass in Ward District Court. The district court set the date of the sentencing/restitution hearing for July 25, 2017. Gruber did not return for the hearing, and the hearing was held in absentia. After the hearing, the court ordered Gruber to pay an $80 fine and costs and fees totaling $180. The court also ordered restitution to the victim in the amount of $20,750. The sentence was entered on the district court docket on August 4, 2017.

On November 28, 2017, Gruber appeared before the Ward District Court and pled no contest to multiple unrelated charges. He was ordered to pay a $1050 fine on those charges. The court then added this new monetary obligation to the restitution, fines, and costs from Gruber's criminal-trespass conviction and set up a payment plan.

On December 22, 2017, Gruber electronically filed a certified copy of the district court docket in the Lonoke County Circuit Court in an effort to appeal his criminal-trespass conviction.

In the appeal to the circuit court, the State moved to dismiss due to the untimely filing of the record. The State argued that the district court had issued a final order on August 4, 2017, when it entered Gruber's conviction, sentence, and award of restitution into the record and that Gruber was required to file his appeal within thirty days of that order. He had not done so. Because Gruber's appeal was untimely, the State contended that the circuit court lacked jurisdiction, and the appeal should be dismissed. Gruber responded, arguing that the time for filing an appeal did not begin to run until the November 2017 hearing and that he had timely filed his appeal within thirty days of the hearing. The circuit court granted the State's motion to dismiss, finding that the appeal was not timely filed thereby depriving it of jurisdiction.

Gruber appeals the dismissal, claiming that he was not completely and lawfully sentenced until November 28, 2017, and that he timely filed the certified docket with the circuit clerk within thirty days of that date as required by Rule 36(b) of the Arkansas Rules of Criminal Procedure. More specifically, Gruber argues that he was not completely sentenced until the district court articulated the timeline for paying his monetary obligations at the November 28 hearing. He further contends that because sentencing is a critical stage of the proceeding, he was unlawfully sentenced in absentia at the hearing in July, and as a result, his sentence was not lawfully imposed until he was present and represented by counsel at the November 28, 2017 hearing.

His arguments lack merit. The circuit court correctly ruled that it lacked jurisdiction to hear appellant's untimely appeal from the district court to the circuit court. Arkansas Rule of Criminal Procedure 36 governs appeals from district court to circuit court, and it requires the defendant to perfect an appeal by filing, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court *within thirty days after entry of the district court judgment. See* Ark. R. Crim. P. 36(b), (c). It is well established that "[t]he thirty-day filing requirement of Rule 36 is strictly enforced and is jurisdictional in nature." *Risner v. State*, 2011 Ark. App. 549, at 6.

Here, Gruber was found guilty of misdemeanor criminal trespass in June 2017. In July 2017, the court imposed $260 in fines and costs and $20,750 in restitution after conducting a sentencing and restitution hearing. The district court entered its judgment on August 4, 2017, as reflected on its docket. The circuit court concluded that Gruber's sentence was final upon entry of judgment on August 4, 2017. We agree. *See Roberson v. State*, 2010 Ark. 433 (holding appeal filed prior to sentencing premature).

Gruber argues that by combining his monetary obligations from the criminal-trespass conviction with his fines from his subsequent unrelated charges, the district court did more than just set up a monthly payment plan; it converted the previously imposed sentence into a partial sentence. Thus, he contends that the sentence became final only after the November 2017 hearing when he was informed of its imposition. We disagree. Rule 36 clearly directs that Gruber's appeal time began to run "from the date of the entry of the judgment in district court," not from the date he is informed of its imposition. Ark. R. Crim. P. 36(b).

3

Finally, Gruber's argument that he could not be properly sentenced in absentia in July 2017 also fails. Arkansas Code Annotated section 16–89–103(b) (Repl. 2005) specifically provides that a court may try a defendant in absentia in misdemeanor cases: "If the indictment is for a misdemeanor, the trial may be had in the absence of the defendant." Thus, the district court had the authority to sentence Gruber despite his decision to absent himself from the sentencing proceeding. The court held a sentencing and restitution hearing in July 2017 after which it imposed a fine and ordered restitution. The court's decision was entered into the district court docket on August 4, 2017. The time for filing an appeal began to run on that date.

In summary, Gruber did not file a certified copy of the district court docket with the circuit court until December 2017—a time well outside the thirty-day time period mandated by Rule 36—and his appeal was therefore untimely. Because a defendant's failure to properly perfect his or her appeal from district court to circuit court deprives the circuit court of jurisdiction, the appellate court likewise lacks jurisdiction to entertain any further appeal from circuit court. *Williams v. State*, 2010 Ark. App. 525, 334 S.W.3d 873. Under these legal standards, the circuit court properly granted the State's motion to dismiss Gruber's appeal from the district court, and this appeal should also be dismissed. *Id.*

Appeal dismissed.

ABRAMSON and MURPHY, JJ., agree.

*Green & Gillespie*, by: *Chad M. Green*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

4