Cite as 2019 Ark. App. 451

# ARKANSAS COURT OF APPEALS
### DIVISION II
**No.** CR–19–440

| | | |
|---|---|---|
| CAMERON WELLS | APPELLANT | **OPINION DELIVERED:** OCTOBER 16, 2019 |
| V. | | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCR-19-73] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | | APPEAL DISMISSED |

## ROBERT J. GLADWIN, Judge

Cameron Wells appeals the Mississippi County Circuit Court's order of March 28, 2019, which found, among other things, that Wells's notice of appeal filed in the circuit court on March 6, 2019, was from his battery-third conviction in the district court on December 12, 2018, and was untimely. Wells argues that the circuit court erred by (1) dismissing his appeal and remanding the matter to the district court; (2) finding that it did not have superintending authority over the district court; and (3) finding it was without jurisdiction to establish a bond for the appeal from the district court. We dismiss the appeal for want of jurisdiction under Rule 36 of the Arkansas Rules of Criminal Procedure (2018).

On December 12, 2018, Wells was found guilty of third-degree battery in the Blytheville District Court. He was sentenced to eleven months in jail, suspended; fifteen days of electronic monitoring; restitution; and a mutual no-contact order. Wells was told in open court that he had thirty days to appeal from the sentencing order or judgment entered December 12 and that he should return to the district court if he did not appeal so

that he could be fitted with an electronic-monitoring device.[1]  No appeal was filed within thirty days.  Wells did not reappear in the district court within thirty days, and a failure-to-appear (FTA) warrant was issued on January 17, 2019, in the Blytheville District Court.

When Wells appeared in the district court on a new felony charge on March 4, 2019, he was held on the FTA charge in the battery case.  He appeared the next day, March 5, in the district court and pled guilty to FTA.  He was sentenced to $290 in fines and $100 in costs.

On March 6, 2019, in the circuit court, Wells filed a notice of appeal and attached a copy of the district court docket sheet in his third-degree-battery case.  The notice of appeal sets forth the history of the case, including the FTA "citation" from March 5, and it alleges that Wells was not given notice of the FTA warrant.  The notice of appeal states, "Defendant hereby gives notice to the State of Arkansas that he appeals from District Court to Circuit Court, in accordance with Rule 36 of the Arkansas Rules of Criminal Procedure."  It also states that Wells's "due process rights have been violated under both the U.S. Constitution and the Arkansas Constitution."

On March 6, 2019, the circuit court filed a bond order under a "not-yet-filed" or "NYF" charge in the district court and also under the FTA that followed the battery conviction.  The bond order released Wells upon posting of a cash surety bond in the amount of $50,000.  The bond was to stand for both cases—(1) the unfiled, pending felony matter; and (2) the misdemeanor appeal.

---

[1]The circuit court made this finding in its March 28, 2019 order, and neither party opposes it.  There is no transcript of the district court hearing; however, the record from the district court states in part, "1-17-2019 Never Appealed—Past 30 Days—FTA $2500 Cash."

2

On March 7, 2019, a supplement to the bond order was filed, which states:

1. The court advised counsel that its previous order (the Bond Order) was issued based on the following findings and observations:

a) The defendant's Notice of Appeal filed March 6, 2019, and attached exhibit A (District Court docket sheet), on its face demonstrates issues which this court finds to be appealable issues—arising out of the District Court case 2018-04308 (battery 3rd degree) docket, regardless of defendant's failure to timely file an appeal of the initial finding or sentencing. Apparent appealable issues include, but are not limited to issuance/disposition of the alleged failure to appear charges on the underlying charge and requirement of a $2500 cash bond, both of which this court finds could be punitive in nature. Further possible issues of due process related to post conviction actions are presented for a court of record to consider.

. . . .

d) Ultimate determination of whether defendant has an appealable action (or the extent thereof) and/or disposition is subject to adjudication by the assigned Circuit Judge at a properly scheduled hearing.

e) Upon entry of the Bond Order, jurisdiction of all related issues, including release on bond, are vested with the Circuit Court.

On March 13, 2019, the State moved to set aside the bond order and supplemental order and asked that the case be remanded to the district court. Wells responded and included two petitions for writ of prohibition. He claimed that the circuit court acquired jurisdiction when he filed his notice of appeal and that under Rule 36(e), the circuit court could modify the bond. In his petition for writ of prohibition, he claimed that after the circuit court acquired jurisdiction, the district court continued to act in defiance of the circuit court's orders. Accordingly, he claimed that all the district court's acts after March 6, 2019, should be declared void ab initio. In his second petition for writ of prohibition, Wells asked that the district court judge be banned from hearing any matter involving him.

3

A hearing was held on March 20, 2019, before the circuit court, and after hearing argument from counsel, the circuit court filed an order on March 28, 2019. The circuit court found in pertinent part that Rule 36 governed criminal appeals from district courts to circuit courts and that the circuit court was without jurisdiction because Wells had failed to perfect his appeal within thirty days of December 12, 2018. The circuit court also found that the thirty days to appeal the FTA of March 5, 2019, had not lapsed.

On April 4, 2019, Wells filed a certified copy of the docket and transcript of the district court proceeding reflecting his FTA conviction on March 5, 2019. On April 10, 2019, he filed a notice of appeal of the March 28, 2019 order, and this appeal followed.

Criminal appeals from district courts to circuit courts are governed by Rule 36 of the Arkansas Rules of Criminal Procedure. The rule provides that the time allowed for filing an appeal from the district court to the circuit court is thirty days from the date the judgment was entered in the district court. Ark. R. Crim. P. 36(b). The rule further provides, in pertinent part, as follows:

> (c) *How Taken.* An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, *the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.*

Ark. R. Crim. P. 36(c) (emphasis added).

The thirty-day filing requirement of Rule 36 is strictly enforced and is jurisdictional in nature. *Roberson v. State*, 2010 Ark. 433, at 5. If the circuit court lacked jurisdiction, this court is likewise without jurisdiction to hear an appeal on the merits. *Latham v. State*, 2019 Ark. App. 323, at 4–5, 578 S.W.3d 732, 734–35.

Wells contends that the circuit court erred because he fulfilled the requirements of Rule 36. He claims that he filed his notice of appeal on March 6, 2019, from the district court judgment of March 5, 2019. He asserts that he stated in his notice of appeal he had ordered the record and transcript from the district court clerk and would supplement his notice of appeal upon receipt of same. The district court clerk certified the record on April 2, 2019, and Wells filed it in the circuit court on April 4, 2019. Thus, he argues that he timely filed an appeal from the March 5, 2019 district court judgment.

Wells's argument does not negate that the circuit court did not have jurisdiction when it filed its March 28, 2019 order. As he states, the certified record was not filed until April 4, 2019. Accordingly, the circuit court had not acquired jurisdiction at the time of its hearing and order, and this court is likewise without jurisdiction to hear an appeal. *See Latham*, *supra*. Because we hold that we do not have jurisdiction, Wells's other points on appeal are not addressed.

Appeal dismissed.

ABRAMSON and WHITEAKER, JJ., agree.

*Law Office of Harris & Morrison*, by: *James W. Harris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.