Cite as 2025 Ark. App. 331

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-24-667

| | |
|---|---|
| LUWANDA MEDLER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered May 28, 2025<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-23-593]<br><br>HONORABLE MARK PATE, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Appellant Luwanda Medler appeals the White County Circuit Court's dismissal of an appeal from her third-degree domestic-battery conviction in district court. The circuit court dismissed Medler's appeal for lack of jurisdiction because she failed to timely appeal pursuant to Rule 36.1(b) of the Arkansas Rules of Criminal Procedure (2024). Medler maintains that an exception to the time requirement in Rule 36 should be established when an attorney admits fault for the untimely filing. We affirm the circuit court's dismissal for lack of jurisdiction.

I. *Background Facts*

On August 29, 2023, Medler was convicted in the White County District Court of one count of third-degree domestic battering. Medler filed a notice of appeal in the White County Circuit Court on October 27, 2023. Medler acknowledged that the certified record and transcript from the district court were not timely filed.

Medler filed a motion for belated appeal in circuit court and argued it was warranted because the failure to timely file the certified record and transcript was due to attorney error—citing Arkansas Rule of Appellate Procedure–Criminal 2(e) (2023)—which governs appeals from the circuit court to the appellate court. In response, the State argued that Rule 36 governs appeals from district courts to circuit courts, and the rule's only exception to the time for filing the certified record from district court is when the district court clerk fails to prepare and certify the record in a timely manner.

The circuit court held two hearings on the belated-appeal motion. After the first hearing, the circuit court took the matter under advisement to further review the precedent set forth by both Medler and the State. On February 20, 2024, the circuit court reconvened and held that it did not have jurisdiction over the appeal due to Medler's failure to timely file the certified record from district court; thus, the circuit court entered an order dismissing the matter on March 4, 2024. Medler filed her timely notice of appeal to this court; this appeal followed.

II. *Discussion*

Medler maintains on appeal that the circuit court erred by denying her motion for a belated appeal. Specifically, she argues that this court should establish new precedent creating an exception to the jurisdictional requirement of timely filing the certified record in district court in order to appeal the matter to circuit court. We affirm the dismissal of her appeal.

Generally, Medler's appeal of the district court judgment would have been a trial de novo pursuant to Arkansas Rule of Criminal Procedure 36.1(g). In order to appeal from a conviction in the district court to the circuit court, however, the defendant must file with the clerk of the circuit court a certified record of the proceedings in the district court. Ark. R. Crim. P. 36.1(c). The certified record is to be filed with the clerk of the circuit court within thirty days of the date judgment is entered against the defendant in the district court. Ark. R. Crim. P. 36.1(b).

The filing requirement of Rule 36 "is strictly enforced and is jurisdictional in nature." *Gruber v. State*, 2020 Ark. App. 561, at 3, 614 S.W.3d 483, 485. There is no provision in the Arkansas Rules of Criminal Procedure permitting a belated appeal from the district court to the circuit court, and Rule 36 expressly provides that it is a defendant's responsibility to ensure that his or her appeal from the district court is perfected in a timely manner. The circuit court has no authority to accept untimely appeals, and the Arkansas Supreme Court has steadfastly refused to entertain untimely appeals from the district court to the circuit court. *See, e.g.*, *Roberson v. Stale*, 2010 Ark. 433.

Because Medler admittedly failed to properly perfect her appeal to the circuit court, the circuit court lacked jurisdiction to hear the appeal. *See Wells v. State*, 2019 Ark. App. 451, 588 S.W.3d 99; *see also Pettry v. State*, 2020 Ark. App. 162, 595 S.W.3d 442 (reiterating that a circuit court acquires jurisdiction over a de novo appeal from the district court only when a certified record from the district court is timely filed in the circuit court). Medler relies on *Pettry* in her quest to have this court establish an exception to Rule 36 "to protect the rights

of defendants in criminal cases" to have their day in court. However, we cannot do so, and *Pettry* does not suggest otherwise. In *Pettry*, this court held that the provision of Rule 36.1(c) requiring the filing of a written request to the district clerk for a certified record was nonjurisdictional in nature and, therefore, not required to perfect an appeal from district court to circuit court. *Pettry, supra.* However, in *Pettry*, the defendant timely filed the district court record with the circuit court clerk and therefore perfected his appeal—Medler did not. Thus, Medler's reliance on *Pettry* is misplaced.

III. *Conclusion*

Accordingly, we hold that the circuit court properly dismissed Medler's appeal for lack of jurisdiction. While this court has the power to determine our jurisdiction, we lack jurisdiction to determine the merits of this case. Failure to establish jurisdiction at the circuit court level forecloses a finding of jurisdiction in this court. *Roberson, supra.*

For the above-stated reasons, we affirm the circuit court's dismissal of Medler's appeal.

Affirmed.

KLAPPENBACH, C.J., and TUCKER, J., agree.

*Simpson & Simpson*, by: *James A. Simpson, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.